IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Palm Beach Division

Case No. _____

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al. | : | |
| Plaintiff, | : | |
| vs. | : | COMPLAINT |
| DOHERTY ENTERPRISES INC., | : | |
| Defendant. | : | |

# NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") to correct a pattern or practice of resistance to the full enjoyment of rights secured by Title VII in violation of Section 707(a) of Title VII.  Specifically, as alleged with greater detail below, since at least May 2013, Doherty Enterprises Inc. ("Doherty" or "Defendant") has conditioned applicants' and/or employees' employment on signing a mandatory, unenforceable Arbitration Agreement that interferes with its applicants' and/or employees' right to: (1) file charges with the U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") and Fair Employment Practices Agencies ("FEPAs"); and (2) communicate with and participate in the proceedings conducted by the EEOC and FEPAs.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, 1331, 1337, 1343 and 1345.  This action is also authorized and instituted pursuant to Section 707(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-6 ("Section 707").

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Florida, pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this by Section 707(a) of Title VII, 42 U.S.C. § 2000e-6.

4. At all relevant times, Defendant has continuously been doing business in the state of Florida and has continuously held at least 15 employees.

5. Defendant is a person within the meaning of 42 U.S.C. § 2000e(a).

## STATEMENT OF CLAIMS

6. During the time period from at least May 2013 to the present, Doherty has engaged in a pattern or practice of resistance to the full enjoyment of the rights secured by Title VII, in violation of Section 707.  This pattern or practice of resistance includes conditioning employment on its applicants' and/or employees' agreement to sign an Arbitration Agreement that prohibits the filing of charges of discrimination with the EEOC and FEPAs.

7. Among other things, the Arbitration Agreement (attached as Exhibit A) states:

> I acknowledge that Doherty Enterprises utilizes a system of alternate dispute resolution which involves binding arbitration to resolve any dispute, controversy or claim arising out of, relating to or in connection with my employment with Doherty Enterprises.  As a condition of employment at Doherty Enterprises or any of its related companies, I agree to the terms of this Agreement because of the mutual benefits (such as reduced expense and increased efficiency) which private binding arbitration can provide both Doherty Enterprises and myself.
>
> I and Doherty Enterprises both agree that any claim, dispute, and/or controversy (including but not limited to any claims of employment discrimination, harassment, and/or retaliation under Title VII and all other applicable federal, state, or local statute, regulation or common law doctrine) which would otherwise require or allow resort to any court or other governmental dispute resolution forum between myself and Doherty Enterprises (and/or its parents, subsidiaries, affiliates, owners, directors, officers, managers, employees, agents, and parties affiliated with its employee benefit and health plans) arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, or other association with Doherty Enterprises, whether based on tort, contract, statutory, or equitable law, or otherwise, (with the sole exception of claims arising under the National Labor Relations Act which are brought before the National Labor Relations Board, claims for medical and disability benefits under applicable state and/or local law) shall be submitted to and determined exclusively by binding arbitration. . . . .
>
> I UNDERSTAND THAT BY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH I AND DOHERTY ENTERPRISES WAIVE OUR RIGHTS TO A TRIAL BY JURY.  I FURTHER UNDERSTAND THAT THIS BINDING ARBITRATION AGREEMENT IS A CONTRACT.  HOWEVER, IT DOES NOT CONSTUTUTE A CONTRACT OF EMPLOYMENT AS IT DOES NOT COVER ANY OTHER TERMS AND CONDITIONS OF MY EMPLOYMENT.

8. Doherty utilizes this Arbitration Agreement, at a minimum, for all applicants for hourly and managerial positions and for all hourly and managerial employees at all of its Applebees locations in Florida.

9. Upon information and belief, Doherty also utilizes this Arbitration Agreement in connection with the hire of all hourly and managerial employees at its Applebees locations and all of its other restaurant holdings, including those in New Jersey, New York, and Georgia.

10. Filing a charge of discrimination is a right guaranteed by Title VII. Doherty's regular and repeated use of this Arbitration Agreement constitutes a pattern or practice of resistance to the full enjoyment of that right.

11. Doherty, through its regular and repeated use of this Arbitration Agreement, has intended to deny the full exercise of the Title VII right to file a charge. The Arbitration Agreement on its face prohibits charge-filing, demonstrating Doherty's intent to prevent applicants and employees from exercising that right.

12. All conditions precedent to the filing of this lawsuit have been met.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

a. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in a pattern or practice of resistance to the right to file a charge and participate and cooperate with investigations by the EEOC or FEPAs including, but not limited to, enjoining Defendant from using the current version of its Arbitration Agreement described in this Complaint (or any substantially equivalent agreement) or from deterring employees from filing charges or cooperating with EEOC or FEPAs;

b. Order Defendant to reform its Arbitration Agreement consistent with the provisions of Section 707 of Title VII both as to applicants' and/or employees who are subject to the Agreement and as to any future agreements;

c. Order Defendant to institute and carry out policies, practices, and programs that provide for the full exercise of the right to file a charge and participate

and cooperate with the EEOC and FEPAs including, but not limited to, a corrective communication with Defendant's workforce informing all employees that they retain the right to file a charge of discrimination and to initiate and respond to communication with the EEOC and state FEPAs;

d. Order Defendant to train its human resources and management personnel and any personnel who write, negotiate, or execute employment agreements about applicants' and/or employees' right to file charges of discrimination and communicate with the EEOC and FEPAs;

e. Provide three-hundred days to file a charge of discrimination with EEOC or a FEPA for any applicant and/or employee who was subject to the Arbitration Agreement described in this Complaint (or any substantially equivalent agreement);

f. Grant such further relief as the Court deems necessary and proper in the public interest; and

g. Award the Commission its costs of this action.

Dated:  September 18, 2014

Respectfully submitted,

P. DAVID LOPEZ
General Counsel
JAMES L. LEE
Deputy General Counsel
GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. Equal Employment Opportunity
Commission
131 M Street, N.E.
Washington, D.C. 20507

5

/s/ Robert E. Weisberg
ROBERT E. WEISBERG
Regional Attorney
Fla. Bar No. 285676
robert.weisberg@eeoc.gov


/s/ Kimberly A. Cruz
KIMBERLY A. McCOY-CRUZ
Supervisory Trial Attorney
Fla. Bar No. 153729
kimberly.cruz@eeoc.gov

/s/ Kristen Foslid
KRISTEN FOSLID
Trial Attorney
Bar ID No. 0688681
kristen.foslid@eeoc.gov

U.S. Equal Employment Opportunity Commission
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Tel: 305-808-1803
Fax: 305-808-1835