UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Palm Beach Division

CASE NO. 9:14-cv-81184-KAM

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION, et al.,

        Plaintiff,

vs.

DOHERTY ENTERPRISES, INC.,

        Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, Doherty Apple Florida, LLC, improperly identified as Doherty Enterprises, Inc. in the Complaint, pursuant to the applicable Rules of the Federal Rules of Civil Procedure, and through its undersigned counsel, files this, its Motion to Dismiss and Incorporated Memorandum of Law, and states the following:

## I. INTRODUCTION

In this Complaint brought under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Agency") has overstepped its enforcement power beyond that authorized by Congress and pursued this federal court action on its own accord, without an individual or Commissioner's charge of discrimination and without any allegation that an individual has been aggrieved. Contrary to decades of case law and precedent, the EEOC unilaterally challenged Defendant Doherty

Enterprises, Inc.'s[1] ("Doherty") arbitration agreement arguing that Doherty's use of such an agreement demonstrates a pattern and practice of resistance to the full enjoyment of rights secured by Title VII.  This is unprecedented and expressly contrary to Eleventh Circuit and United States Supreme Court case law.  EEOC brings this case without investigation, without conciliation, and apparently, without reservation.  The EEOC's Complaint must be dismissed, with prejudice, because the Agency lacks standing, lacks jurisdiction, and fails to state any claim upon which relief may be granted.

First, the EEOC lacks standing because the EEOC has no plenary authority to file this complaint absent a discrimination charge or an aggrieved party.  Second, the EEOC lacks jurisdiction because it failed to conciliate this matter confidentially and in good faith.  Doherty first learned of this case when the EEOC issued a reasonable cause finding and demanded a consent decree.  Nine days after Doherty objected, this lawsuit was filed.  Third, the EEOC failed to articulate any unlawful employment practice in violation of Title VII and thus, wholly failed to state a claim upon which relief may be granted.  These procedural and substantive deficiencies require dismissal of the Complaint.

## II. <u>PRELIMINARY STATEMENT</u>

1.      On or about September 18, 2014, the EEOC filed a Complaint alleging violations of Title VII of the Civil Rights Act of 1964, as amended.  The EEOC served Doherty with the Complaint on October 31, 2014.

---

[1] Defendant is currently named as Doherty Enterprises, Inc.  However, Doherty Enterprises, Inc. is a d/b/a and is not a properly named defendant herein.  Doherty Apple Florida, LLC is the owner of the Applebee's restaurants located in Florida.  Because the EEOC filed this lawsuit without first receiving a charge, and without conciliation, this issue has not yet been addressed by the parties.

2.      The EEOC lacks standing to bring this lawsuit in direct contravention of Title VII and EEOC regulations because it was not preceded by a charge of discrimination.

3.      The EEOC lacks jurisdiction in this action because it made no effort at good faith, confidential conciliation, but instead proposed a consent decree on a "take-it-or-leave-it" basis that would be made a matter of public record.   Moreover, the EEOC filed suit without notifying Doherty that conciliation failed as required by Title VII and EEOC regulations.

4.      The EEOC fails to state a claim on which relief may be granted because it does not assert any unlawful employment practice and thus, fails to allege any plausible violations of Title VII.

5.      As a result of the above, the Complaint should be dismissed with prejudice in its entirety.

## III.    <u>MOTION TO DISMISS STANDARD</u>

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted if the plaintiff fails to state a claim for which relief can be granted.  According to Federal Rule of Civil Procedure Rule 8(a)(2), a claimant must only state "a short and plain statement of the claim showing that the pleader is entitled to relief."  When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all factual allegations in the Complaint.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009).  The plaintiff must plead "enough facts to state a claim for relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  "To survive a motion to dismiss, a complaint must contain allegations addressed to each material element 'necessary to sustain a recovery under some viable legal theory.'"  *Peavy v. Carnival Co.*, 1:12-cv-20782-PAS,

2012 WL 5306353, at *1 (S.D. Fla. Oct. 26, 2012) (*quoting Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001)).

Though detail is not demanded, the standard is exacting in the sense that it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly* 550 U.S. at 555. Conclusory allegations that fail to do more than create a speculative right to relief will not suffice. *See id.*; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice."). While the accepted truth of factual allegations remains axiomatic, a court addressing a motion to dismiss is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (*quoting Twombly*, 550 U.S. at 555).

"[T]he Eleventh Circuit has held that 'a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed.'" *Int'l Bhd. of Teamsters v. Amerijet Int'l, Inc.*, 932 F. Supp. 2d 1336, 1344 (S.D. Fla. 2013) citing *Horsley v. Feldt,* 304 1125, 1134 (11th Cir. 2002). " 'Undisputed' in this context means that the authenticity of the document is not challenged." *Id.*

## IV. <u>STATEMENT OF FACTS</u>

Doherty Apple Florida, LLC ("Doherty") operates Applebee's restaurants in Palm Beach County, Florida. Doherty's Application for Employment contains a Mandatory Arbitration Agreement ("Arbitration Agreement" or "Agreement"), which provides, in relevant part, as follows:

> I acknowledge that Doherty Enterprises utilizes a system of alternate dispute resolution which involves binding arbitration to resolve any dispute, controversy or claim arising out of, relating to or in connection with my employment with Doherty Enterprises.

4

> As a condition of employment at Doherty Enterprises or any of its related companies, I agree to the terms of this Agreement because of the mutual benefits (such as reduced expense and increased efficiency) which private binding arbitration can provide both Doherty Enterprises and myself.
>
> I and Doherty Enterprises both agree that any claim, dispute and/or controversy (including but not limited to any claims of employment discrimination, harassment, and/or retaliation under Title VII and all other applicable federal, state, or local statute, regulation or common law doctrine) which would otherwise require or allow resort to any court or other governmental dispute resolution forum between myself and Doherty Enterprises (and/or its parents, subsidiaries, affiliates, owners, directors, officers, managers, employees, agents, and parties affiliated with its employee benefit and health plans) arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, or other association with Doherty Enterprises, whether based on tort, contract, statutory, or equitable law, or otherwise, (with the sole exception of claims arising under the National Labor Relations Act which are brought before the National Labor Relations Board, claims for medical and disability benefits under applicable state and/or local law) shall be submitted to and determined exclusively by binding arbitration….

Compl., ¶ 7, Exhibit A.

On August 11, 2014, Doherty received a letter from the EEOC dated August 6, 2014 stating that the EEOC "has reasonable cause to believe that Doherty Enterprises, Inc. is engaged in a pattern or practice of resistance to the full enjoyment of the rights secured by Title VII of the Civil Rights Act of 1964 and that the pattern or practice is of such a nature and is intended to deny the full exercise of the rights described in Title VII in violation of Section 707(a) of that title."  See "Exhibit A," EEOC Letter of August 6, 2014, attached hereto.

In the letter, the EEOC alleged that Doherty's Arbitration Agreement interferes with employees' rights to file charges with, communicate with or participate in, investigations or enforcement actions of, the EEOC or similar state agencies.  *Id.*

The letter demanded that within 14 days, Doherty agree to the terms of a consent decree to be filed with the court requiring Doherty to: (1) immediately stop using its current Arbitration Agreement; (2) modify any future employment agreement to include specific statements that the employee can file charges with the EEOC or state Fair Employment Practices Agencies ("FEPAs"), communicate with EEOC or any FEPA and cooperate with EEOC or any FEPA in the investigation of charges; (3) include a statement in any future employment agreement that the employment agreement does not limit the employee's actions with regard to the EEOC/ FEPAs in any way, nor will Doherty retaliate against any employee for doing same; (4) send a communication from its General Counsel to all employees stating that despite the Arbitration Agreement, all employees retain the right to file a charge with the EEOC or any FEPA and otherwise communicate and cooperate with EEOC / FEPAs and, that Doherty will toll the 300 day statute of limitations for filing a charge beginning May 2013 to present; and (5) train all human resources and management personnel who write, negotiate or execute employment agreements about employees' rights to file charges and communicate with EEOC and state FEPAs.  Prior to receiving the EEOC's reasonable cause finding on August 11, 2014, Doherty had not been made aware of any charge of discrimination related to the Arbitration Agreement, nor had Doherty been privy to any investigation related to the Agreement.

Doherty objected to the reasonable cause finding and consent decree, arguing that the EEOC lacked standing to find reasonable cause and lacked jurisdiction over the matter.  Doherty further argued that it was never given an opportunity to participate in any investigation, respond to any allegations of discrimination or otherwise defend itself against any allegations such that the EEOC could find "reasonable cause" that Doherty was in violation of Title VII.  Doherty summarized its position in a September 9, 2014 letter it sent to the EEOC stating that the EEOC

was exceeding its authority by proceeding against Doherty in the absence of a charge of

discrimination and that no substantive violations of Title VII were alleged.  See "Exhibit B,"

Doherty Letter of September 9, 2014, attached hereto.

Nine days later, on September 18, 2014, the EEOC filed the Complaint in the present

case.  The EEOC never informed Doherty that conciliation had failed prior to filing suit.

## V.  ARGUMENT

### A.  The EEOC Lacks Standing To Bring This Title VII Pattern Or Practice Discrimination Action In The Absence Of An Underlying Charge Of Discrimination

Title VII of the Civil Rights Act of 1964, as amended, prohibits various employment

practices involving discrimination on the basis of "race, color, religion, sex, or national origin."

42 U.S.C. §§ 2000e-2, 2000e-3. Title VII also prohibits retaliation against an employee "because

he has made a charge, testified, assisted, or participated in any manner in an investigation,

proceeding or hearing under this Sub Chapter." 42 U.S.C. §§ 2000e-3(a).  Primary responsibility

for enforcing Title VII has been entrusted to the EEOC. *Id.*  § 2000e-5(a); *EEOC v. Shell Oil

Co.*, 466 U.S. 54, 61-62, 104 S. Ct. 1621, 1627, 80 L. Ed. 2d 41 (1984).

Title VII sets forth two procedural mechanisms by which the EEOC may challenge

unlawful employment practices, Section 706 and Section 707.  Section 706 grants the EEOC

authority to bring a suit on behalf of aggrieved persons. *Id.* § 2000e-5(b).  Section 707 grants the

EEOC the power to bring suit against employers when an employer "is engaged in a *pattern or

practice* of resistance to the full enjoyment of *any of the rights secured by this subchapter*, and

that…*pattern or practice is of such a nature and is intended to deny the full exercise of the rights

herein described*." *Id.* §2000e-6(a), (c) (emphasis added).   Subsection (e) of Section 707 states

that "…, *the Commission shall have the authority to investigate and act on a charge of a pattern*

*or practice of discrimination*, whether filed by or on behalf of a person claiming to be aggrieved or by a member of the Commission.  All such actions shall be conducted in accordance with the procedures set forth in sections 2000e-5 of this title [section 706]." 42 U.S.C. § 2000e-6(e) (emphasis added).

Thus, Title VII is a discrimination statute that provides for "an integrated, multistep enforcement procedure" that enables the Commission to detect and remedy instances of discrimination. *See Occidental Life Insurance Co. v. EEOC,* 432 U.S. 355, 359, 97 S. Ct. 2447, 2450, 53 L. Ed. 2d 402 (1977).  The process begins with the filing of a charge with the EEOC alleging that a given employer has engaged in an unlawful employment practice.  *EEOC v. Shell Oil Co.*, 466 U.S. 54, 62, 104 S. Ct. 1621, 1627-28, 80 L. Ed. 2d 41 (1984).  A charge may be filed by an aggrieved individual or by a member of the Commission.[2] 42 U.S.C. § 2000e-5(b). Thus, the initial step in any Title VII action occurs when a charge of unlawful employment practice is filed with the EEOC.  *EEOC v. Pierce Packing Co.*, 669 F.2d 605, 607 (9th Cir. 1982).

The EEOC's own enforcement regulations reinforce this principle, and establish the Commission's ability to bring a civil action only ***after the filing of an EEOC charge.***  "The Commission may bring a civil action against any respondent named in a charge … after thirty (30) days from the date of the filing of a charge with the Commission unless a conciliation agreement acceptable to the Commission has been secured." *See* 29 C.F.R. § 1601.27.  Without any charge of an unlawful employment practice—or any substantive violation of Title VII, *see infra Section V(C)*—there can be no "pattern or practice" liability.

---

[2]    When a Commissioner files a charge, he/she does so in either of two situations.  First, when a victim of discrimination is reluctant to file a charge himself because of fear of retaliation and second, when the Commissioner has reason to think that an employer has engaged in a "pattern or practice" of discriminatory conduct. 42 U.S.C. § 2000e-6(e).

Indeed, courts look to the underlying charge of discrimination to determine if the EEOC has standing to bring a suit in federal court.

> The enforcement provisions of § 706 of Title VII, which allow EEOC to initiate civil actions, are therefore predicated upon a timely charge upon which EEOC has made a determination of reasonable cause.  Once these requirements are met, EEOC has standing to bring the civil action in its own name to challenge a practice or policy that represents ongoing discrimination.  *See EEOC v. United Parcel Service*, 860 F.2d 372, 374 (10th Cir., 1988).  When it brings a civil action in its own name, EEOC acts both for the benefit of specific individuals and 'to vindicate the public interest in preventing employment discrimination.'  *General Tel. Co. v. EEOC*, 446 U.S. 318, 326, 100 S. Ct. 1698, 1704 (1980).  To further this public interest, EEOC may allege in a complaint whatever unlawful conduct it has uncovered during the course of its investigation, ***provided that there is a reasonable nexus between the initial charge and the subsequent allegations in the complaint***.

*EEOC v. Harvey L. Walner & Associates*, 91 F.3d 963, 968 (7th Cir. 1996) (emphasis added).  Without a charge, there is no basis from which any reasonable nexus can be drawn to "pattern or practice" allegations in a Complaint.  Without such a nexus in this case, the claims fail.

By filing of this lawsuit without first receiving a discrimination charge, the EEOC is attempting to gain the enforcement authority which Congress specifically did not grant it.  The EEOC's statutory authority is investigative, not plenary, and it may only access evidence "relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a).  It has no authority to investigate employers on its own behalf, absent a charge of discrimination, and then sue when the employers will not accede to its demands.  *See EEOC v. Randstad*, 685 F.3d 433, 448 (4th Cir. 2012) ("The 'relevant to the charge' requirement contrasts the EEOC's investigatory authority from that of 'other federal agencies that possess plenary authority to demand to see records relevant to matters within their jurisdiction.')  Rather, the EEOC must only act when

charges of discrimination are filed, investigate those charges, then after investigation, determine

whether or not there is reasonable cause to believe discrimination or retaliation has occurred.

Indeed, the EEOC's own compliance manual reinforces its statutory limitations as an

investigative agency under Title VII.  The Compliance Manual delineates the EEOC's authority

under the four laws it enforces – Title VII, the Americans with Disabilities Act, the Age

Discrimination in Employment Act and the Equal Pay Act.  EEOC Compliance Manual, Section

8.1, 2006 WL 4672996.[3]  The Compliance Manual directs EEOC personnel that Title VII

investigative authority can only proceed based on a charge of discrimination.

> Under Title VII/ADA, EEOC must have a basis to
> investigate possible violations and must obtain a
> Commissioner charge and notify respondent of such basis
> by specifying the date, place and circumstances to be
> covered by the investigation.  Under ADEA/EPA, there are
> no prerequisites which must be met to investigate. . . The
> main operational different between the laws is the Title VII
> / ADA charge filing and notice requirements, i.e., a
> Commissioner charge must be obtained from headquarters
> and notice of it must be given to the respondent.

*Id.*  EEOC disregarded Title VII, its own regulations and internal procedures by initiating this

action without an underlying charge of discrimination.

The fact that the EEOC coined this case a "pattern and practice" case does not change the

nature of its authority under Title VII.  The pattern and practice provisions of Title VII are

procedural mechanisms, and do not, in and of themselves, create substantive claims.  *Parisi v.*

*Goldman, Sachs & Co.*, 710 F.3d 483, 487 (2d Cir. 2013) ("[I]n Title VII jurisprudence 'pattern-

or-practice' simply refers to a method of proof and does not constitute a 'freestanding cause of

---

[3]    The EEOC "has begun a new manual in a different format" and is adding sections as they are issued.  See
https://www.eeoc.gov/laws/guidance/compliance.cfm.  The Section addressing "Commission Initiated
Actions" cited herein has not been re-released and the version that is cited is currently available at the
Westlaw citation indicated.

action.'"); *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 355 (5th Cir. 2001) ("A

pattern or practice case is not a separate and freestanding cause of action … but is really merely

another method by which disparate treatment can be shown."). As the EEOC itself recently told

the Ninth Circuit, "'pattern or practice' is an evidentiary framework, not a 'claim.'" Br. of

Plaintiff-Appellant at 40, *EEOC v. Geo Grp.,* No. 13-16292 (9th Cir. 2014), available at

http://www.eeoc.gov/eeoc/litigation/briefs/geogroup.html. Thus, no matter whether the EEOC is

bringing a single claim or a pattern and practice claim, it must base the lawsuit on a charge of

discrimination, in order to have standing to sue.  In this case it did not do so and the Complaint

must be dismissed.

### B.   The EEOC Lacks Jurisdiction Because It Failed To Engage In Good Faith Conciliation With Doherty In Violation Of Title VII

Title VII requires the EEOC to "refrain from commencing a civil action until it has

discharged its administrative duties." *See, e.g.*, *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355,

359, 368 (1977).  These duties include notice, investigation, determination, and conciliation and

are "intended to be a condition precedent. . .to suit.'" *EEOC v. U.S. Steel*, No. 10-12, 2013 WL

625315, at *7 (W.D. Pa. Feb. 20, 2013), *citing EEOC v. Allegheny Airlines,* 436 F. Supp. 1300,

1304 (W.D. Pa. 1977) (*citing EEOC v. E.I. Dupont de Nemours and Co.,* 373 F. Supp. 1321 (D.

Del. 1974)); *see also EEOC v. Agro Distrib., LLC,* 555 F.3d 462, 469 (5th Cir. 2009) (the

EEOC's conciliation requirement is a precondition to suit).  Specifically, the Commission should

"endeavor to eliminate any…alleged unlawful employment practice by informal methods of

conference, conciliation, and persuasion." 42 U.S.C. § 2000e-5(b).  Only if the EEOC is "unable

to secure…a conciliation agreement acceptable to [it]" may it "bring a civil action." *Id.* §§

2000e-5(f)(1), 2000e-6(e); *EEOC v. Asplundh Tree Expert Co.*, 340 F.3d 1256, 1260 (11th Cir.

2003).

The EEOC's own regulations reiterate its duty to conciliate, 29 C.F.R. § 1601.24(a), and further provide that the EEOC will "notify" the employer "in writing" if it concludes that conciliation has not succeeded. *Id.* § 1601.25. "Although courts have taken different approaches when evaluating the EEOC's duty to engage in conciliation, there is no disagreement that the statutory duty is a real one rather than a mere formality, and that the underlying goal is to encourage settlements." *EEOC v. High Speed Enter., Inc.,* No. CV–08–017489–PHX–ROS, 2010 WL 8367452, at *3 (D. Ariz. Sept. 30, 2010). Confidential conciliation is at the heart of Title VII, *Asplundh,* 340 F.3d at 1260, and encourages employers to settle without the spotlight of federal litigation. This pre-suit conciliation requirement was blatantly disregarded by the EEOC in this case.

"[Conciliation] is a condition precedent to the Commission's power to sue. The courts have interpreted the statute to mean precisely what it says. Nothing less than a reasonable effort to resolve with the employer the issues raised by the complainant will do." *Asplundh,* 340 F.3d at 1260 . [4] To meet this jurisdictional burden, the EEOC must: (1) outline to the employer the reasonable cause for its belief that Title VII has been violated; (2) offer an opportunity for voluntary compliance; and (3) respond in a reasonable and flexible manner to the reasonable attitudes of the employer. *Id.* at 1259 (*citing EEOC v. Klinger Elec. Corp.,* 636 F.2d 104, 107 (5th Cir. 1981)); *see also EEOC v. Johnson & Higgins, Inc.,* 91 F.3d 1529, 1534 (2d Cir. 1996); *and see EEOC v. Florida Commercial Sec. Services, Corp.,* 2014 WL 4771887, at *20 (S.D. Fla.

---

[4] There is a split in the circuits about what constitutes good faith conciliation. The Second, Fifth and Eleventh Circuits generally apply the *Asplundh* factors. Other circuits have adopted a standard that requires the courts to "determine whether the EEOC made an attempt at conciliation. The form and the substance of those conciliations is within the discretion of the EEOC." *See, e.g., EEOC v. Keco Indus., Inc.,* 748 F.2d 1097, 1102 (6th Cir. 1984). In this case, however, it is not necessary for the court to evaluate the quality of the EEOC's conciliation efforts because there were none. Under either standard, the EEOC fails to carry its burden .

Sept. 24, 2014) (EEOC's Motion for Summary Judgment (DE# 22 at 23, 1/15/14)) (EEOC endorses and applies the *Asplundh* standard).[5]

The *Asplundh* facts are instructive.  In *Asplundh*, the EEOC took three years to issue its letter of determination and one week later provided the defendant with a "proposed, nation-wide [c]onciliation [a]greement, which [only] provided twelve days for" the defendant's counsel to accept, reject or submit a counterproposal to the conciliation agreement. *Id.* at 1259–60. The EEOC in *Asplundh* never communicated to the defendant a theory of liability for the alleged conduct of a non-employee, did not respond to the defendant's request for "a reasonable extension of time" and "the very next day ... sent another letter ... terminating conciliation and announcing its intent to sue." *Id.* at 1260. Thirteen days later, the EEOC filed a lawsuit. *Id.*  The *Asplundh* court found the EEOC's efforts to be lacking and dismissed the case for failure to conciliate in good faith.  *Id.* at 1260 (noting that EEOC's conduct "smacks more of coercion than of conciliation" and concluding that "in its haste to file a lawsuit . . . the EEOC failed to fulfill its statutory duty to act in good faith to achieve conciliation, effect voluntary compliance, and to reserve judicial action as a last resort.").

The EEOC here, similar to *Asplundh,* failed to act in good faith to achieve conciliation. The Commission's August 6, 2014 letter states that it has "reasonable cause to believe" that Doherty is engaged in a pattern or practice of resistance to the full enjoyment of Title VII rights. Notably, no charge number was identified and no investigation was referenced.  The EEOC then improperly demanded that Doherty agree to a consent decree on a "take it or leave it" basis that

---

[5]  The Seventh Circuit recently addressed the issue of whether lack of conciliation can be an affirmative defense and criticized circuits that engage in a good faith analysis reasoning that such inquiries do not provide a meaningful standard by which to judge such efforts.  *EEOC v. Mach Mining, LLC*, No. 3:11-cv-879 (7th Cir. Dec. 20, 2013).  Certiorari was granted in this case and it is currently awaiting review at the Supreme Court. Doherty is not asking this Court to judge the efforts of EEOC, but rather to recognize that it made no such efforts to satisfy the statutory requirements of conciliation.

would be filed as a matter of public record in federal court, completely disregarding the confidentiality requirement and its obligation to "respond in a reasonable and flexible manner" to Doherty's reasonable positions.  *See Asplundh*, 340 F.3d at 1260 ("such an 'all or nothing' approach on the part of a government agency, one of whose most essential functions is to attempt conciliation with the private party, will not do.").  On September 9, 2014, Doherty raised these concerns with the EEOC in response to its August 6, 2014 letter.  Nine days later, without notifying Doherty of the failure of conciliation, EEOC filed suit.  Doherty was deprived of the benefits of Title VII's administrative procedures.

Because the EEOC failed to follow all of its administrative requirements, it has no enforcement authority over this case.  *See, e.g., EEOC v. Whirlpool Corp.*, 80 F.R.D. 10, 17 (N.D. Ind. 1978) ("[B]oth Section 706 and Section 707 suits must now be preceded by investigation, a reasonable cause determination and conciliation."); *EEOC v. Freeman*, No. 12WT09CV2573, , 2010 WL 1728847 at *4 (D. Md. Apr. 27, 2010) ("[T]he EEOC's [section 707] authority … is restricted by the procedures set forth in Section 706."); *EEOC v. Bloomberg L.P.*, 751 F. Supp. 2d 628, 644 (S.D.N.Y. 2010) ("The EEOC's enforcement authority under section 706 is subject to several procedural requirements, which are incorporated by reference into the EEOC's authority to bring 'pattern or practice' claims under section 707."); *EEOC v. Kaplan Higher Educ. Corp.*, 790 F. Supp. 2d 619, 622 (N.D. Ohio 2011) (same); *EEOC v. Bass Pro Outdoor World, LLC*, 1 F. Supp. 3d 647, 654-55(S.D. Tex. 2014) (assessing conciliation efforts under a pattern or practice framework); *EEOC v. JBS USA, LLC*, 940 F. Supp. 2d 949, 965-67 (D. Neb. 2013) (concluding that EEOC met its procedural requirement of conciliation in a pattern or practice case); *EEOC v. Sears, Roebuck & Co.*, 490 F. Supp. 1245, 1256 (M.D. Ala.

1980) (dismissing because "conciliation is a condition precedent to an EEOC pattern or practice suit").

Dismissal is the appropriate remedy for the EEOC's refusal to conciliate, and otherwise fail to comply with its pre-suit obligations. *Asplundh*, 340 F.3d at 1261 ("Under these circumstances, the sanction of dismissal…is not an unreasonable remedy or an abuse of the district court's discretion."); *see also EEOC v. CRST Van Expedited*, 679 F.3d 657, 672, 677 (8th Cir. 2012) (holding that the district court did not err in dismissing the EEOC's claims based on its conclusion that "the EEOC did not investigate, issue a reasonable cause determination or conciliate the claims"); *EEOC v. Argo Distrib. LLC*, 555 F.3d 462, 469 (5th Cir. 2009) (finding that the district court's dismissal of the case for failure to conciliate would not have been an abuse of discretion); *Pierce Packing Co.*, 669 F.2d at 608-09 (dismissing EEOC's suit for failure to comply with its enabling act and regulations by failing to conciliate); *Keco Indus. Inc.,* 748 F.2d 1097, 1100 (6th Cir. 1984) (directing district courts to "only determine whether the EEOC made an attempt at conciliation" in the context of a challenge regarding the sufficiency of the EEOC's conciliation attempt); *E. Hills Ford Sales,* 445 F. Supp. 985, 988–89 (W.D. Pa. 1978) (lawsuit was jurisdictionally limited to the single claim of violation by the charging party because the EEOC did not investigate or conciliate any other person's claim); *EEOC v. Am. Home Prods. Corp.,* 165 F. Supp. 2d 886, 914 (N.D. Iowa 2001) (EEOC's failure to make a pre-suit "reasonable cause" determination with regard to post-release retaliation practices, as opposed to a single instance of retaliation, precluded the agency from bringing the retaliatory practices claim). As a result of the EEOC's administrative, pre-suit failures, this case must be dismissed.

### C. The Complaint Must Be Dismissed Because It Fails To Allege Any Unlawful Discrimination Or Retaliation Under Title VII.

With this case, the EEOC is attempting to re-litigate an issue that has been clearly and unequivocally decided many times before – whether discrimination cases are appropriately the subject of mandatory arbitration.  While the EEOC has expressed its displeasure with mandatory arbitration agreements,[6] U.S. Supreme Court and U.S. Circuit Court precedent mandates the continued application of mandatory arbitration agreements to resolve statutory employment discrimination claims and thus requires dismissal of this Complaint.  *See, e.g., Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 110, 121 S. Ct. 1302, 1306, 149 L. Ed. 2d 234 (2001) (Federal Arbitration Act applicable to all contracts of employment except those involving transportation workers); *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.3d 698 (11th Cir. 1992) (Title VII claims can be the subject of compulsory arbitration); *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1313-14 (11th Cir. 2002) (Title VII does not prohibit mandatory arbitration of claims arising under the statute); *Desiderio v. National Ass'n of Sec. Dealers, Inc.,* 191 F.3d 198, 204– 06 (2d Cir. 1999) (same), *cert. denied,* 531 U.S. 1069, 121 S. Ct. 756, 148 L. Ed. 2d 659 (2001); *Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 170 F.3d 1, 7 (1st Cir. 1999) (same); *Koveleskie v. SBC Capital Mkts., Inc.,* 167 F.3d 361, 365 (7th Cir. 1999) (same), *cert. denied,* 528 U.S. 811, 120 S. Ct. 44, 145 L. Ed. 2d 40 (1999); *Seus v. John Nuveen & Co.,* 146 F.3d 175, 182 (3d Cir. 1998) (same), *cert. denied,* 525 U.S. 1139, 119 S. Ct. 1028, 143 L. Ed. 2d 38 (1999), *abrogated on other grounds, Blair v. Scott Specialty Gases,* 283 F.3d 595 (3d Cir. 2002); *Patterson v. Tenet Healthcare, Inc.,* 113 F.3d 832, 837 (8th Cir. 1997) (same); *Cole v. Burns Int'l Sec. Svcs.,* 105 F.3d 1465, 1482–83 (D.C. Cir. 1997) (same); *Austin v. Owens–Brockway*

---

[6]     *See* EEOC Notice No. 915.002, *Policy Statement on Mandatory Binding Arbitration of Employment Discrimination Disputes as a Condition of Employment*, July 10, 1997, at VII(2) (". . . the Commission will continue to challenge the legality of specific agreements that mandate binding arbitration of employment discrimination as a condition of employment").

*Glass Container, Inc.,* 78 F.3d 875, 882 (4th Cir. 1996) (same), *cert. denied,* 519 U.S. 980, 117 S. Ct. 432, 136 L. Ed. 2d 330 (1996); *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 39 F.3d 1482, 1487 (10th Cir. 1994) (same); *Willis v. Dean Witter Reynolds, Inc.,* 948 F.2d 305, 307 (6th Cir. 1991) (same); *Alford v. Dean Witter Reynolds, Inc.,* 939 F.2d 229, 230 (5th Cir. 1991) (same).

Merely alleging that Doherty's Arbitration Agreement embodies a "resistance" to the full exercise of Title VII rights by requiring applicants and employees to arbitrate Title VII claims does not state a cause of action under Title VII.   To the contrary, almost every court that has examined the issue, including the U.S. Supreme Court, has found that Title VII does not prohibit compulsory arbitration of discrimination claims, as highlighted above.

What Title VII does prohibit is certain enumerated "unlawful employment practices," namely, discrimination and retaliation. Section 703 forbids an employer from "discriminat[ing] against any individual...because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1).   Section 704 forbids retaliation against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII] or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." *Id.* § 2000e-3(a).   The EEOC's Complaint does not allege a single violation of Title VII, but rather attempts to use the "pattern or practice" framework to establish an independent cause of action.

However, the "pattern or practice" framework is not an independent cause of action as alleged in the Complaint.   It is a mechanism through which the EEOC can address repeated violations of the anti-discrimination and anti-retaliation sections of Title VII and it requires a showing of some act of discrimination. *See, e.g., Cooper v. Southern Co.,* 390 F.3d 695, 740

(11th Cir. 2004) ("To establish a 'pattern or practice' of disparate treatment, the plaintiff must show that intentional discrimination was the employer's "standard operating procedure. . . The plaintiff can prove that discrimination was the standard operating procedure through a combination of statistics and anecdotes"), *overruled on other grounds related to showing of pretext in discrimination cases, Ash v. Tyson Foods, Inc.,* 546 U.S. 454, 457, 126 S. Ct. 1195, 1197, 163 L. Ed. 2d 1053 (2006); *Bryant v. Southland Tube,* No. 2:10-CV-315-SLB, 294 F.R.D. 633, 646 (N.D. Ala., Sept. 30, 2013) ("To meet this burden of proof [under a "pattern or practice" mechanism], a plaintiff must prove more than the mere occurrence of isolated or accidental or sporadic *discriminatory* acts."); *Krunosky v. Genesis Group Restaurants, LLC,* No. 06-0508-WS-C, 2007 WL 3310648, at *1 (S.D. Ala. Nov. 6, 2007) (same). Discriminatory acts can be established using various forms of evidence, none of which are present in this case. *EEOC v. Joe's Stone Crab,* 220 F.3d 1263, 1286–87 (11th Cir. 2000) ("While pattern or practice cases are a variant of the disparate treatment theory and thus proof of discriminatory motive is critical, statistical evidence often is used to establish the existence of a pattern or practice. A plaintiff may establish a pattern or practice claim through a combination of strong statistical evidence of disparate impact coupled with anecdotal evidence of the employer's intent to treat the protected class unequally") (citations omitted).  Here there is simply no allegation of any discriminatory act, let alone allegations based on statistics or anecdotal evidence.

Clearly Doherty is not guilty of discrimination or retaliation through the use of the Arbitration Agreement, and the EEOC has failed to allege any such claims.  At most, the EEOC is arguing that the Arbitration Agreement as written is *unenforceable*.  Unenforceable arbitration agreements do not give rise to an unlawful employment practice under Title VII.  *See Weeks v. Harden Mfg. Corp.,* 291 F.3d 1307, 1316 (11th Cir. 2002) ("simply because an agreement is

unenforceable or even 'illegal' does not mean that employers who require employees to sign the agreements as a condition of employment are guilty of violating Title VII, the ADEA or the ADA"); *Borg Warner Protective Svcs. Corp. v. EEOC*, 245 F.3d 831, 837-838 (D.C. Cir. 2001) ("[t]o say that an agreement is illegal is not to say that employers who require employees to sign the agreements as a condition of employment are guilty of violating Title VII. Calling an unenforceable agreement 'illegal' is 'misleading insofar as it suggests that some penalty is necessarily imposed on one of the parties, apart from the court's refusal to enforce the agreement.'")  The Complaint does not include a single alleged substantive violation of Title VII. As a result, the EEOC has failed to state a claim under Title VII and the Complaint should be dismissed.

## VI.  CONCLUSION

The EEOC has no standing or jurisdiction in this case because it filed suit without a charge of discrimination, without any investigation and without making any attempt at conciliation.  This improperly filed Complaint has no factual or legal support and falls well outside of the EEOC's Title VII enforcement authority.  The EEOC fails to allege any unlawful employment practices in violation of Title VII.   Instead, the EEOC asks this Court to do something no other court has ever done (and perhaps has never even been asked to do) – create a resistance claim out of the EEOC's "pattern or practice" authority which has been reserved to bring suit against serial and egregious acts of unlawful discrimination and retaliation.  Because the Complaint fails both substantively and procedurally, it should be dismissed, with prejudice, as a matter of law.

**WHEREFORE**, it is respectfully requested that this Court enter an Order dismissing plaintiff's Complaint, with prejudice, and such other and further relief as this Court deems just and appropriate.

Dated:  November 21, 2014                    Respectfully submitted,


/s/  Antoinette Theodossakos
Antoinette Theodossakos, Esq.
Florida Bar No. 178608
**HAILE, SHAW & PFAFFENBERGER, P.A.**
660 U.S. Highway One, Third Floor
North Palm Beach, FL 33408
Phone: (561) 627-8100
Fax: (561) 622-7603
atheodossakos@haileshaw.com
*Counsel for Defendant*


/s/  Dena B. Calo
Dena B. Calo, Esq.
**SAUL EWING LLP**
650 College Road East
Suite 4000
Princeton, NJ 08540-6603
North Palm Beach, FL 33408
Phone: (609) 452-3135
Fax: (215) 972-7104-
dcalo@saul.com
*Counsel for Defendant*
*Pro Hac Vice Motion Pending*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of November, 2014, I served the foregoing document on all counsel of record or pro se parties identified on the attached Service List via e-mail and/or United States Mail.

/s/Antoinette Theodossakos
Antoinette Theodossakos, Esq. (FBN 178608)
HAILE, SHAW & PFAFFENBERGER, P.A.
660 U.S. Highway One, Third Floor
North Palm Beach, FL 33408
Phone:  (561) 627-8100
Fax:  (561) 622-7603
Email:  atheodossakos@haileshaw.com
*Counsel for Defendant*

**SERVICE LIST**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.
vs.
DOHERTY ENTERPRISES, INC.,
United States District Court, Southern District of Florida
Case No.:  9:14-cv-81184-KAM


P. David Lopez, Esq., General Counsel
James L. Lee, Esq., Deputy General Counsel
Gwendolyn Young Reams, Associate General Counsel
U.S. Equal Employment Opportunity Commission
131 M Street, N.E.
Washington DC 20507

Robert E. Weisberg, Esq. – Regional Attorney; Robert.weisberg@eeoc.gov
Kimberly A. McKoy-Cruz, Esq. – Supervisory Trial Attorney; Kimberly.cruz@eeoc.gov
Kristen Foslid, Esq. – Trial Attorney; kristen.foslid@eeoc.gove
U.S. Equal Employment Opportunity Commission
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, Florida  33131
Tel: (305) 808-1803
Fax: (305) 808-1835
*Counsel for Plaintiff, Equal Employment Opportunity Commission*

Antoinette Theodossakos, Esquire
Haile, Shaw & Pfaffenberger, P.A.
660 U.S. Highway One, 3rd Floor
North Palm Beach, FL 33408
Phone: (561) 627-8100
Fax: (561) 622-7603
atheodossakos@haileshaw.com
*Counsel for Defendant*

# EXHIBIT A

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Miami District Office**

Miami Tower
100 SE 2ⁿᵈ Street, Suite 1500
Miami, FL  33131
Intake Information Group:  (800) 669-4000
Intake Information Group TTY:  (800) 669-6820
Miami Status Line:  (866) 408-8075
Miami Direct Dial:  (305) 808-1740
TTY (305) 808-1742
FAX (305) 808-1855
Website:  www.eeoc.gov

August 6, 2014

Jack Hall
General Counsel                          Via Certified Mail, Receipt #70122920000243923879
Doherty Enterprises, Inc.
7 Pearl Court
Allendale, New Jersey 07401

Dear Mr. Hall:

The United States Equal Employment Opportunity Commission ("Commission" or "EEOC") has reasonable cause to believe that Doherty Enterprises, Inc. is engaged in a pattern or practice of resistance to the full enjoyment of the rights secured by Title VII of the Civil Rights Act of 1964 and that the pattern or practice is of such a nature and is intended to deny the full exercise of the rights described in Title VII in violation of Section 707(a) of that title.

Since at least May, 2013, Doherty has conditioned employee hire on a Mandatory Arbitration Agreement that interferes with employees' rights to file charges with the EEOC and state Fair Employment Practices Agencies ("FEPA"), communicate with the EEOC and state FEPAs, and participate in EEOC and FEPA investigations and enforcement actions.

In order to rectify this practice, please inform the EEOC within fourteen (14) days whether Doherty Enterprises will agree to the following terms as part of a Consent Decree to be filed with the court:

1)   An immediate end to the Company's use of any version of its Mandatory Arbitration Agreement that suggests, indicates or provides that, as a condition of employment, applicants for positions must agree not to file charges with the EEOC and state FEPAs, communicate with the EEOC and state FEPAs, and/or participate in EEOC and FEPA investigations and enforcement actions;

2)   Future Employment Agreements (including separation agreements, severance agreements, employee arbitration agreements, last chance agreement, employment contacts or settlement agreements) offered or entered into by Doherty Enterprises will state explicitly that:

    a.   employees retain the right to file charges with the EEOC and state FEPAs and to recover monetary relief or other relief (including reinstatement) in any action by the EEOC at the discretion of the agency and will not contain language suggesting the contrary; and

    b.   employees retain the right to communicate with the EEOC and state FEPAs and that such communication can be initiated by the employee or in response to the government and is not limited in any way by the Agreement.

3) Future Employment Agreements offered or entered into by Doherty Enterprises will make clear that:

   a. employees are not required to obtain the permission of Doherty Enterprises before communicating and/or cooperating with EEOC or state FEPAs concerning charges of discrimination and/or the investigation of a charge of discrimination; and

   b. that an employee will not be retaliated against for communicating and/or cooperating with EEOC or state FEPAs concerning charges of discrimination and/or the investigation of a charge of discrimination including, but not limited to, being subjected to legal action by the Company for breach of the Agreement.

4) A corrective communication to the Company's workforce signed by the Company's General Counsel and the EEOC informing all employees that:

   a. notwithstanding the execution of a Mandatory Arbitration Agreement (or a version with similar unlawful language as described above), that they retain the right to file a charge of discrimination and to initiate and respond to communication with the EEOC and state FEPAs and are not required to obtain the permission of Doherty Enterprises before doing so and the addition of the same language to the Company's anti-discrimination policy; and

   b. the 300-day charge filing period will be tolled for any employee or former employee who signed the Company's Mandatory Arbitration Agreement (or a version with similar unlawful language as described above) between from May 2013 and the present in order that such employees could be informed that they retain the right to file a charge for any claims that arose during that time frame and participate fully in any resulting investigation. The Company will not object to any resulting charges on the basis that they are untimely.

6) Training for the Company's human resources and management personnel and any personnel who write, negotiate or execute Employment Agreements about employees' right to file charges and communicate with the EEOC and state FEPAs.

In order to ensure that any agreement includes an enforcement mechanism, it is necessary that the resolution of these issues take the form of a Consent Decree, which can be filed jointly by the Commission and the Company in federal district court immediately after the Commission files a Complaint against the Company. In the absence of such an agreement, it may be necessary for the agency to seek other court intervention. We appreciate your immediate attention to this matter and would be happy to discuss it with you. Please feel free to call Kristen Foslid, EEOC Trial Attorney, at (305) 808-1803 or Kimberly Cruz, Supervisory Trial Attorney, at (305) 808-1790. Both Kristen and Kim work in our office here in Miami.

Sincerely,

Robert E. Weisberg
Regional Attorney

# EXHIBIT B



**GENOVA
BURNS
GIANTOMASI
WEBSTER**
ATTORNEYS-AT-LAW

Genova Burns Giantomasi Webster LLC
494 Broad Street, Newark, NJ 07102
973.533.0777  973.533.1112
www.genovaburns.com

Newark  NJ | New York, NY | Camden, NJ | Red Bank, NJ | Philadelphia, PA | Jersey City, NJ | Washington, DC

Dena B. Calo, Esq.
Partner
Member: NJ & PA Bar
dcalo@genovaburns.com
Direct:  856-968-0689

September 9, 2014

## BY FACSIMILE AND OVERNIGHT MAIL

Robert E. Weisberg, Regional Attorney
U.S. Equal Employment Opportunity Commission
Miami District Office
Miami Tower, 100 S E 2nd Street
Suite 1500
Miami, Florida 33131

Re:   Proposed Consent Decree

Dear Mr. Weisberg:

As you are aware, this firm has been retained by Doherty Enterprises, Inc. ("Doherty"), in connection with the proposed Consent Decree forwarded by your office on August 6, 2014, and received by our client on August 11th.[1] The Consent Decree was quite a surprise to Doherty, considering that it was never made aware of any Charge of Discrimination or investigation by your office involving its Mandatory Arbitration Agreement (the "Agreement"). Doherty was never given any opportunity to defend, explain, or present facts or evidence relating to the Agreement. Doherty has no knowledge of any charging party that was allegedly aggrieved by the signing of the Agreement, nor could they be. To the contrary, no applicant or employee has ever been denied access to any agency or Title VII rights through the signing or enforcement of the Agreement, or utilization of the arbitration process.

For these reasons and as set forth at length herein, Doherty asserts that the proposed Consent Decree is improper and impermissible and rejects it in its entirety.[2]

---

[1] By letter dated August 19, 2014, the Commission granted Doherty an additional twenty days to respond.

[2] Doherty also asserts that its Mandatory Arbitration Agreement comports with federal and state law and that it has not committed any pattern and practice violations. However, those issues are not properly before the EEOC at this time.



Robert E. Weisberg, Regional Attorney
September 9, 2014
Page 2

## I. The EEOC Has No Jurisdiction in this Matter because there is no Underlying Charge

Section 706 of the EEOC's enabling regulations states, in pertinent part:

> Whenever it is charged in writing under oath by a person claiming to be aggrieved, or a written charge has been filed by a member of the Commission where he has reasonable cause to believe a violation of this title has occurred (and such charge sets forth the facts upon which it is based) that an employer . . . has engaged in an unlawful employment practice, *the Commission shall furnish such employer . . . with a copy of such charge and shall make an investigation of such charge* [ . . . ].

> [42 U.S.C. § 2000e-5(a).]

It is well-settled that **the EEOC is without jurisdiction to proceed in any case in the absence of a valid charge.** Graniteville Co. v. EEOC, 438 F.2d 32, 35 (4th Cir. 1971). The statutory purpose of a charge is to initiate the Commission's involvement, and "trigger the investigatory and conciliatory procedures of the EEOC." Graniteville Co. at 38; see also Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970).

Moreover, **Title VII does not provide for commission-initiated investigations in the absence of a charge.** See EEOC Compliance Manual Chapter 2, Threshold Issues, 2-V Standing. It follows, therefore, that any Title VII investigation – whether systemic or otherwise – must be preceded by a charge of discrimination, thereby putting an employer on notice and giving the employer the opportunity to be heard. Here, any Commission-initiated investigation, without a properly filed charge and notice to Doherty, is wholly inappropriate. Further, any information discovered during such an improper investigation is "fruit from the poisonous tree," as it were, and consequently the proposed Consent Decree is void.

Here, it appears as though the Commission is attempting to "put the cart before the horse," in that it has made a cause determination in the absence of a valid charge. It is clear from your August 6, 2014 letter that the EEOC found "reasonable cause" that Doherty's Mandatory Arbitration Agreement violates Title VII, but unfortunately it is also clear from the statutes and case law set forth above that the EEOC had no jurisdiction to do so. The Commission failed to identify any pending charge and Doherty has not been notified of any



GENOVA
BURNS
GIANTOMASI
WEBSTER
ATTORNEYS-AT-LAW

Robert E. Weisberg, Regional Attorney
September 9, 2014
Page 3

new or Commission-initiated charge. There has not been any cause determination in any pending matter. Without a pending individual or Commission-initiated charge and notice to Doherty, any investigation into Doherty's Mandatory Arbitration Agreement is improper.

Even more inexplicably, with no prior notice to Doherty of any filed charge or ongoing investigation (Commission-initiated or otherwise), the Commission presented Doherty with an overly burdensome and harsh Consent Decree, based on unwarranted assumptions and conclusions that are not based on facts. How could they be when no investigation was conducted? In failing to follow its procedural requirements, the EEOC lacks jurisdiction to challenge Doherty's Mandatory Arbitration Agreement. It follows, therefore, that the Commission lacks standing to propose the Consent Decree, negotiate the Consent Decree, or require that Doherty agree to any of its terms. The Consent Decree is invalid, and its proposed terms are unenforceable.

II.   **The Proposed Consent Decree Violates Doherty's Due Process Rights**

The purpose of an EEOC investigation is to ascertain whether "there is reasonable cause to believe that the charge is true ...." 42 U.S.C. 2000e-5(b). In the event of a cause finding, the EEOC's eventual lawsuit must bear a reasonable relationship both to the underlying charge and to its investigation. EEOC v. Jillian's of Indianapolis, IN, Inc., 279 F.Supp.2d 980 (S.D. Indiana 2003). Here, there is no pending charge related to the Mandatory Arbitration Agreement that must be proved or disproved. Further, the terms of the proposed Consent Decree do not bear a reasonable relationship to any pending matter or investigation of which Doherty is aware.

Moreover, the Commission has failed to meet its conciliation obligation. The Commission is statutorily required to attempt to resolve findings of discrimination through "informal methods of conference, conciliation, and persuasion." See 42 U.S.C. 2000e-5. Under normal circumstances, after a charge has been filed, and the evidence gathered during the investigation establishes that there is cause for the EEOC to believe that discrimination has occurred, the parties will be invited to participate in conciliation discussions. The Commission's August 6, 2014 letter states that it "has reasonable cause to believe" that Doherty is engaged in a pattern or practice violation. Notably, no charge number is identified, and no investigation is referenced. Instead of engaging Doherty in the conciliation process, as it is statutorily required to do, the Commission has prematurely and improperly offered the proposed Consent Decree on a "take it or leave it" basis.



GENOVA
BURNS
GIANTOMASI
WEBSTER
ATTORNEYS-AT-LAW

Robert E. Weisberg, Regional Attorney
September 9, 2014
Page 4

The result is that, not only has Doherty been deprived of its right to know which charge or cause finding it is answering, it has also been deprived of the ability to participate in any investigation and/or negotiate with the Commission over its employment practices, or the Commission's proposed remedies. This is a violation of Doherty's statutory and due process rights and renders the consent decree improper and impermissible.

**III.    The Terms of the Proposed Consent Decree are Overly Broad, Unduly Burdensome and Oppressive**

The language of the Mandatory Arbitration Agreement is legally sound and supported by case law, therefore the terms of the proposed Consent Decree are overly broad, unduly burdensome and oppressive.

Although the EEOC has expressed its displeasure with mandatory arbitration agreements,[3] U.S. Supreme Court precedent makes it clear that such agreements are proper,[4] and in line with judicial support of alternative dispute resolution. See EEOC v. Waffle House, 534 U.S. 279 (2002); see also Circuit City Stores, Inc. v. Adams, 532 U.S. 105 (2001). This is primarily because such agreements are in no way binding on the EEOC, who is not a party to these agreements, as they are private contracts between an employer and employee.

The Mandatory Arbitration Agreement at issue does not, on its face, infringe on Title VII rights or foreclose enforcement action by the Commission. Id. Therefore, a Doherty applicant or employee can still file a charge with the EEOC (or a state agency counterpart),

---

[3] See EEOC Notice No. 915.002, *Policy Statement on Mandatory Binding Arbitration of Employment Discrimination Disputes as a Condition of Employment*, July 10, 1997, at VII(2) (". . . the Commission will continue to challenge the legality of specific agreements that mandate binding arbitration of employment discrimination disputes as a condition of employment").

[4] Notably, the Commission has not made a claim that the Mandatory Arbitration Agreement is unconscionable. See Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63 (2010) (If an arbitration agreement so provides, the arbitrator – not the court – has the authority to rule on unconscionability challenges). It is therefore undisputed that the Agreement is in line with well-settled contract principles and enforceable as written. Even if the Commission were to later make such an allegation, the AAA arbitrator – not the Commission or any court – would be vested with the jurisdiction and ability to make that determination. See Mandatory Arbitration Agreement, ¶2.



Robert E. Weisberg, Regional Attorney
September 9, 2014
Page 5

which retains independent authority to sue. Id. If the Commission or state agency subsequently files suit against Doherty, the applicant or employee may participate as a complaining witness. Id.

Additionally, the terms of the proposed Consent Decree are largely unacceptable, particularly the requirements that Doherty toll the statutory 300-day deadline to file a charge, disseminate a lengthy and inflammatory communication from its General Counsel to all Doherty employees, and train its executive, management, and human resources personnel. Such requirements are illustrative of the Consent Decree's over-reach, and imposition of unreasonable, burdensome and oppressive terms. Such terms are untenable and baseless given that the Mandatory Arbitration Agreement is both legally sound and sanctioned by U.S. Supreme Court precedent.

Moreover, the Mandatory Arbitration Agreement does not have a chilling effect on Doherty's applicants' or employees' rights to file charges of discrimination, or to communicate or cooperate with the EEOC or any state agency. Doherty employees have in fact filed charges with the EEOC and state agencies, and several matters are currently pending before the Commission. No charging party has ever claimed that Doherty attempted to infringe on his or her Title VII rights, threatened an employee not to do so, or retaliated against an employee for filing a charge. Doherty has never defended an EEOC or state agency action with its arbitration agreement, nor has it ever argued against an employee's right to file any charge of discrimination. Notably, Doherty actively advises employees of their Title VII rights through its employment policies, posters, and regular training sessions.

## IV.    The Consent Decree is Premature and Any Retaliation Argument is Moot

Finally, the proposed Consent Decree is premature, as Doherty has fully cooperated with the EEOC's investigations and information requests in every past or pending matter. Given that Doherty has been compliant in each and every instance, the Commission cannot now make an end-run around its procedural and statutory requirements by making a cause finding with no charge or investigation, and wrongly attempt to impose this impermissible Consent Decree.

Although not specifically alleged, also premature is any retaliation allegation, in that Doherty has never moved to compel arbitration against any employee who has filed a charge with the EEOC or any state agency, either while an investigation was ongoing, or prior to the



GENOVA
BURNS
GIANTOMASI
WEBSTER
ATTORNEYS-AT-LAW

Robert E. Weisberg, Regional Attorney
September 9, 2014
Page 6

agency's ultimate determination.[5]  See, e.g., EEOC v. Luce, Forward, Hamilton & Scripps, 345 F.2d 742 (9th Cir. 2003).

Clearly, if an applicant's or employee's dispute involves a charge that could be filed with a public agency such as the EEOC or a state agency counterpart, Doherty does not prohibit or deter individuals from filing charges with those agencies or from participating in those agencies' actions.  The language of the Mandatory Arbitration Agreement does not prohibit or deter employees from doing so, and Doherty has not and would not compel arbitration prior to an agency dismissal or issuance of a right to sue letter.  Accordingly, the Agreement does not infringe on Title VII rights, and the proposed Consent Decree is rejected.

Should you have any questions or require any additional information, please do not hesitate to contact me.

Respectfully submitted,

GENOVA BURNS GIANTOMASI WEBSTER LLC

/s/ Dena B. Calo

DENA B. CALO

DBC/EFA

---

[5] In permitting all pending matters to run their course to ultimate determination, Doherty has not waived its right to arbitrate any claims in any pending EEOC or state agency matter.  See Marie v. Allied Home Mortgage Corp., 402 F.3d 1 (1st Cir. 2005) (An employer does not waive its right to arbitration by failing to demand arbitration during an EEOC investigation).

P. 1

```
*  *  *   COMMUNICATION  RESULT  REPORT ( SEP. 9. 2014  1:51PM )  *  *  *

                                                        FAX HEADER 1:
                                                        FAX HEADER 2:

TRANSMITTED/STORED : SEP. 9. 2014  1:29PM
FILE MODE          OPTION            ADDRESS              RESULT      PAGE
---------------------------------------------------------------------------
9199 MEMORY TX                       G3  :COMPLIANCE FAX    OK         7/7
---------------------------------------------------------------------------
    REASON FOR ERROR
      E-1) HANG UP OR LINE FAIL            E-2) BUSY
      E-3) NO ANSWER                       E-4) NO FACSIMILE CONNECTION
      E-5) MAIL SIZE OVER
```



GENOVA
BURNS
GIANTOMASI
WEBSTER
ATTORNEYS-AT-LAW

**Genova Burns Giantomasi Webster LLC**
494 Broad Street, Newark, NJ 07102
Tel: 973.533.0777  Fax: 973.533.1112
Web: www.genovaburns.com

Newark, NJ | New York, NY | Camden, NJ | Red Bank, NJ | Philadelphia, PA | Jersey City, NJ | Washington, DC

## FACSIMILE TRANSMISSION

| | |
|---|---|
| **TO:** Robert E. Weisberg, Regional Attorney U.S. EEOC | **FROM:** Dena B. Calo, Esq. |
| **COMPANY:** U.S. EEOC/Miami District Office | **DATE:** September 9, 2014 |
| **FAX NUMBER:** 1-305-808-1855 | **TOTAL NO. OF PAGES INCLUDING COVER:** 7 |
| **PHONE NUMBER:** 1-800-669-4000 | **SENDER'S REFERENCE NUMBER:** 3064.009 |
| **RE:** Proposed Consent Decree (Doherty Enterprises Inc.) | **YOUR REFERENCE NUMBER:** |

Message:

Please see the attached.

**CONFIDENTIALITY STATEMENT**

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL AND IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE. ANY UNAUTHORIZED DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT OUR LETTERHEAD ADDRESS VIA THE U.S. POSTAL SERVICE.
12552031v1 (3064.009)