UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-81184-CIV-MARRA

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION, et al.,

      Plaintiff,

vs.

DOHERTY ENTERPRISES, INC.,

      Defendant.

_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant Doherty Enterprises, Inc.'s Motion to Dismiss Plaintiff's Complaint (DE 8).  The motion is fully briefed and ripe for review.  The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I. Background

On September 18, 2014, Plaintiff Equal Employment Opportunity Commission filed a Complaint ("Plaintiff" "EEOC") seeking to enjoin Defendant Doherty Enterprises, Inc. ("Defendant" "Doherty") from using its arbitration agreement to deter employees from filing charges or cooperating with the EEOC or Fair Employment Practices Agencies ("FEPAs"). (Compl., DE 1.)  According to the allegations of the Complaint, from at least May 2013 to the present, Defendant has conditioned employment on its applicants and employees' agreement to sign the following arbitration agreement:

> I acknowledge that Doherty enterprises utilizes a system of alternate dispute resolution which involves binding arbitration to resolve any dispute, controversy or claim arising out of, relating to or in connection with my employment with Doherty Enterprises.  As a condition of employment at Doherty Enteprises or any of its related companies, I agree to

the terms of this Agreement because of the mutual benefits (such as reduced expense and increased efficiency) which private binding arbitration can provide both Doherty Enterprises and myself.

I and Doherty Enterprises agree that any claim, dispute and/or controversy (including but not limited to any claims of employment discrimination, harassment, and/or retaliation under Title VII and all other applicable federal, state, or local statute, regulation or common law doctrine) which would otherwise require or allow resort to any court or other governmental dispute resolution forum between myself and Doherty Enterprises (and/or its parents, subsidiaries, affiliates, owners, directors, officers, managers, employees, agents and parties affiliated with its employee benefit and health plans) arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, or other association with Doherty Enterprises, whether based on tort, contract, statutory, or equitable law, or otherwise, (with the sole exception of claims arising under the National Labor Relations Act which are brought before the National Labor Relations Board, claims for medical and disability benefits under applicable state and/or local law) shall be submitted to and determined exclusively by binding arbitration . . . .

I UNDERSTAND THAT BY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH I AND DOHERTY ENTERPRISES WAIVE OUR RIGHTS TO A TRIAL BY JURY. I FURTHER UNDERSTAND THAT THIS BINDING ARBITRATION AGREEMENT IS A CONTRACT.  HOWEVER, IT DOES NOT CONSTITUTE A CONTRACT OF EMPLOYMENT AS IT DOES NOT COVER ANY OTHER TERMS AND CONDITIONS OF MY EMPLOYMENT.

(Compl. ¶ 7.)

Plaintiff alleges that this arbitration agreement constitutes a pattern and practice of resistance to the full enjoyment of rights secured by Title VII of the 1964 Civil Rights Act, in violation of section 707(a), 42 U.S.C. § 2000e-6 ("Title VII").  (Compl. ¶ 6.)

Defendant moves to dismiss on the following grounds: (1) Plaintiff lacks standing to bring this action in the absence of an underlying charge of discrimination; (2) Plaintiff lacks the authority to bring this case because it failed to engage in good faith conciliation with Defendant and (3) the Complaint fails to allege any unlawful discrimination or retaliation under Title VII.

In response, Plaintiff argues that it has authority to pursue this action in the absence of a charge of discrimination and without engaging in conciliation.  Plaintiff notes that the Complaint

2

alleges all conditions precedent to the lawsuit have been met and that an action brought pursuant to section 707(a) of Title VII, which seeks to enjoin a pattern or practice of resistance to Title VII rights, is not subject to charge filing and conciliation prerequisites.

In its reply memorandum, Defendant states it has amended its arbitration agreement to clarify that the agreement does not prohibit employees from filing charges with the EEOC or state FEPAs, thereby rendering the Complaint moot.  Plaintiff filed a sur-reply which asserts that the amendment to the arbitration agreement does not demonstrate mootness.

II.  Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion

to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a

plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467

U.S. 69, 73 (1984).

    III. Discussion[1]

    Title VII of the Civil Rights Act of 1964, as amended, prohibits various employment

practices involving discrimination on the basis of "race, color, religion, sex or national origin."

42 U.S.C. § § 2000e-2, 2000e-3.  Title VII also prohibits retaliation against an employee

"because he has made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding or hearing under this Sub Chapter."  42 U.S.C. § § 2000e-3(a). Primary

responsibility for enforcing Title VII has been entrusted to the EEOC.  42 U.S.C. § 2000e-5(a).

    Title VII sets forth two mechanisms by which the EEOC may challenge unlawful

employment practices: section 706 and section 707.  Section 706 grants the EEOC authority to

bring a suit against an employer[2] on behalf of aggrieved persons.  Id. at § 2000e-5(b).  Section

707 grants the EEOC the power to bring suit against any person when that person "is engaged in

---

[1] Defendant contends this case is moot and bases its argument on a January 5, 2015 amendment to its arbitration agreement which  "does not prohibit applicants or employees from filing charges with the EEOC." (DE 19 at 11.)  In support, Defendant has supplied an affidavit. (Ex. 1, attached to DE 19.)  At the motion to dismiss stage, the Court cannot consider matters outside the four corners of the Complaint.  See St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir.2002) ("The scope of the review must be limited to the four corners of the complaint.")  Thus, to the extent Defendant argues for dismissal on the basis of mootness, the Court denies this application without prejudice to Defendant re-asserting it at the proper stage of the proceeding.

[2] Under this section, the EEOC may also bring suit under this section against an "employment agency, labor organization, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs."  42 U.S.C.  § 2000e-5(b).

a pattern or practice of resistance to the full enjoyment of any of the rights secured by this subchapter, and that pattern or practice is of such a nature and is intended to deny the full exercise of the rights herein described." Id. at § 2000e-6(a). Section 707(e) states: "Subsequent to March 24, 1972, the Commission shall have authority to investigate and act on a charge of a pattern or practice of discrimination, whether filed by or on behalf of a person claiming to be aggrieved or by a member of the Commission. All such actions shall be conducted in accordance with the procedures set forth in section 2000e-5 of this title." Id. at § 2000e-6(e).

The question before the Court is whether the EEOC may bring a section 707 lawsuit against Defendant without an individual or Commissioner's charge of discrimination and without an attempt at conciliation which are required for the EEOC to bring a suit pursuant to its authority under section 706. The Court finds that it can.

The former Fifth Circuit[3] addressed whether the EEOC could bring a lawsuit under section 707 in the absence of a charge and conciliation in U.S. v. Allegheny-Ludlum Industries, Inc., 517 F.2d 826, 843 (5th Cir. 1975). That Court stated:

> Under s 707, the EEOC (formerly the Attorney General) may institute a 'pattern or practice' suit anytime that it has 'reasonable cause' to believe such a suit necessary. Section 707 does not make it mandatory that anyone file a charge against the employer or follow administrative timetables before the suit may be brought. It was unquestionably the design of Congress in the enactment of s 707 to provide the government with a swift and effective weapon to vindicate the broad public interest in eliminating unlawful practices, at a level which may or may not address the grievances of particular individuals. Rather, it is to those individual grievances that Congress addressed s 706, with its attendant requirements that charges be filed, investigations conducted, and an opportunity to conciliate afforded the

___

[3] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

respondent when 'reasonable cause' has been found.

Id. at 843 (internal citations omitted).  See Serrano v. Cintas Corp., 699 F.3d 884, 896 (6th Cir. 2012) ("section 707 permits the EEOC to initiate suit without first receiving a charge filed by an aggrieved individual, as it must when initiating suit under § 706."); EEOC v. Cont'l Oil Co., 548 F.2d 884, 890 (10th Cir. 1997) ("Further, if the additional incidents sought to be addressed are pervasive, the matter could be certified for s 707 processing, which section affords a broad based remedy without regard to individual charges or complaints."); EEOC v. Harvey L. Warner & Assoc., 91 F.3d 963, 968 (7th Cir. 1996) ("In the course of amending the enforcement provisions of Title VII, Congress also transferred to EEOC authority previously vested in the Attorney General under § 707 of Title VII to institute "pattern or practice" lawsuits on its own initiative—i.e., without certain of the prerequisites to a civil action under § 2000e–5(f).");  U.S. v. Masonry Contractors Ass'n of Memphis, Inc., 497 F.2d 871. 875-76 (6th Cir. 1974) ("The only prerequisite for the Attorney General to bring a civil action under § 2000e-6 is that he have reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of discrimination.")[4]

To understand the EEOC's authority to bring lawsuits under section 707, the Court examines the transfer by Congress of authority from the Attorney General to the EEOC in 1972. As explained by the United States Supreme Court:

Prior to 1972, the only civil actions authorized other than private lawsuits were actions by the Attorney General upon reasonable cause to suspect "a pattern or practice" of discrimination.  These actions did not depend upon the filing of a charge with the EEOC; nor

---

[4] Defendant cites various cases from outside this Circuit holding that without the filing of a charge or conducting conciliation, the EEOC has no enforcement authority over this case.  (DE 8 at 14.)  None of those courts are in this Circuit and bound by Allegheny-Ludlum Industries.

were they designed merely to advance the personal interest of any particular aggrieved person. Prior to 1972, the Department of Justice filed numerous § 707 pattern-or-practice suits . . . The 1972 amendments, in addition to providing for a § 706 suit by the EEOC pursuant to a charge filed by a private party, transferred to the EEOC the Attorney General's authority to bring pattern-or-practice suits on his own motion.

Gen. Tel. Co. of the Northwest, Inc. v. Equal Employment Opportunity Comm'n, 446 U.S. 318, 327-28 (1980).

The statutory language of section 707(a) provides that the EEOC only needs "reasonable cause" before filing a complaint for pattern and practice of resistance to the full enjoyment of any of the rights.  42 U.S.C. 2000e-6(a).  In other words, section 707 does not require the EEOC to receive a charge, nor does it require conciliation.  Moreover, section 707(e) provides that the EEOC must comply with the administrative requirements of section 706 (which includes engaging in conciliation) only when the EEOC is investigating or acting on a charge of discrimination.  Indeed, other references within the statute are consistent with an interpretation that conciliation is required in connection with a charge of discrimination and nothing else.  See section 706(b) ("If the Commission determines after such investigation that there is reasonable cause to believe that the *charge* is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion.") (emphasis added); section 706(f) ("If within thirty days after a *charge* is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) or (d) of this section, the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the *charge*.") (emphasis added).

Defendant, however, contends that the EEOC does not possess any authority to proceed under section 707(a).  According to Defendant, the EEOC may only proceed under section 707(e), which requires conformance with the prerequisites of section 706.  In support, Defendant relies upon  EEOC v. Shell Oil Co., 466 U.S. 54 (1984), which it claims overruled Allegheny-Ludlum.  Defendant points to the following passage in Shell Oil:

> Title VII of the Civil Rights Act of 1964, as amended, prohibits various employment practices involving discrimination on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. §§ 2000e-2, 2000e-3. Primary responsibility for enforcing Title VII has been entrusted to the EEOC. § 2000e-5(a).
>
> In its current form, Title VII sets forth "an integrated, multistep enforcement procedure" that enables the Commission to detect and remedy instances of discrimination. The process begins with the filing of a charge with the EEOC alleging that a given employer has engaged in an unlawful employment practice. A charge may be filed by an aggrieved individual or by a member of the Commission. § 2000e-5(b). A Commissioner may file a charge in either of two situations. First, when a victim of discrimination is reluctant to file a charge himself because of fear of retaliation, a Commissioner may file a charge on behalf of the victim. Ibid.; 29 CFR §§ 1601.7, 1601.11 (1983). Second, when a Commissioner has reason to think that an employer has engaged in a "pattern or practice" of discriminatory conduct, he may file a charge on his own initiative. § 2000e-6(e).

E.E.O.C. v. Shell Oil Co., 466 U.S. 54, 61-62 (1984) (internal case citations omitted).

Defendant interprets Shell Oil as requiring a charge to be filed in all cases of EEOC enforcement.  Defendant claims section 707(a) only applies to the Attorney General's right to bring pattern or practice claims against federal, state and local governments. Defendant bases this assertion on the lack of any reference to section 707(a) in Shell Oil.  However, the issue in Shell Oil was not the EEOC's authority under section 707 or whether a charge and conciliation was required for section 707 claims.  Instead, the Court examined the EEOC's authority to request judicial enforcement of its subpoenas, including whether the EEOC included adequate factual information in a charge to obtain judicial enforcement of its subpoena.  Id. at 64.  Thus,

Shell Oil did not overturn Allegheny-Ludlum.  As such, the Court must reject Defendant's

argument that the EEOC cannot bring litigation under section 707(a) without the filing of a

charge as it goes against binding precedent in this Circuit.[5]  Allegheny-Ludlum, 517 F.2d at 843;

see also 42 U.S.C. § 2000e-6(a), 6(c) (the functions of the Attorney General under this section

shall be transferred to the Commission.)

    Next, Defendant challenges the concept of a separate cause of action under section 707(a)

for a pattern or practice of resistance[6] to the full enjoyment of any rights secured by Title VII.

Defendant contends that section 707(a) cases are limited to unlawful employment practices (i.e.,

discrimination and retaliation) despite the clear language in section 707(a) which  prohibits

resistance to the full enjoyment of any rights secured by Title VII.    Significantly, Congress

chose not to use the term "unlawful employment practices" with respect to section 707(a) which

is in stark contrast to the use of the term "unlawful employment practices" in section 706.  See

42 U.S.C. § 2000e-5.  The Court can only conclude that because Congress chose to use different

language in the two sections, it manifested different intent; namely, that a resistance claim is not

limited to cases involving an unlawful employment practice.  Instead, a resistance claim may be

brought to stop a pattern and practice of resistance to the full enjoyment to Title VII rights.

---

    [5] To the extent Defendant reads EEOC v. Board of Pub. Educ. of Savannah & Chatham, 643 F. Supp. 134 (S.D. Ga. 1986) as providing that *only* the Attorney General, and not the EEOC, has a right to bring a claim pursuant to section 707(a), it runs afoul of Allegheny-Ludlum. Equally unpersuasive is Defendant's reliance on 29 C.F.R. 1601.12(a)(3).  That regulation does not address 707(a). It simply dictates what information must be contained in a valid charge.

    [6] A pattern or practice of resistance "claim" differs from a pattern or practice "method of proof" used by a plaintiff in a Title VII case.  See e.g., Franks v. Bowman Transp. 424 U.S. 747, 772 (1976).

The case  United States v. Original Knights of Ku Klux Klan supports this statutory interpretation.   There, the court enjoined the Ku Klux Klan (i.e., private individuals) from engaging in threats and violence to deter African-Americans from seeking employment and deter employers from hiring them.  United States v. Original Knights of Ku Klux Klan, 250 F. Supp. 330, 356 (E.D. La. 1965).   In other words, these acts by non-employers were found to constitute a  pattern and practice of resistance to Title VII rights.   That case did not involve discrimination or an adverse employment action by an employer against African-Americans. Instead, the facts only suggest a practice by the Ku Klux Klan to deter African-Americans from exercising their Title VII rights.[7]

In asserting there is no independent cause of action under Title VII for cases stemming from resistance, Defendant cites to EEOC v. CVS Pharm., Inc., No. 14–cv–863, 2014 WL 5034657 (N.D. Ill. 2014), appeal filed, (7th Cir. Dec. 5, 2014)  (DE 19 at 7 n.6.).[8]  In CVS, the

_____

[7] A resistance claim also exists under Title II of the 1964 Civil Rights Act.  See United States v. Gulf-State Theaters, Inc., 256 F. Supp. 549 (D. Miss. 1966) (resistance claim brought by the Attorney General seeking injunctive relief against an alleged pattern and practice of resistance by the owners and operators of the motion picture theaters to the full enjoyment by African-Americans under Title II); see also the Fair Housing Act, Title VIII of the 1964 Civil Rights Act, 42 U.S.C. § 3614(a) (a suit based on a pattern and practice of resistance may be brought by the Attorney General).  These civil rights statutes all provide two species of causes of action: one which may be brought by both the government and aggrieved persons and one which may only be brought by the government. The latter allows the government to target broader patterns and practices of resistance and provides relief as it "deems necessary to insure the full enjoyment of the rights herein described."  42 U.S.C. 2000e-6(a).

[8] Defendant also relies upon EEOC v. Freeman, No., 2010 WL 1728847 (D. Md. Apr. 27, 2010).  Freeman rejected any interpretation that section 707 gives the EEOC authority to sue for pattern and practices of discrimination on the same broad basis as the Attorney General had prior to 1972.  Id. at * 4.  Relying on Shell Oil, the Freeman court stated that the EEOC's authority is restricted by the procedures in section 706.  Id.  As discussed supra, the Court does not read Shell Oil in this way.

10

Court ruled that the EEOC may bring a civil action in the district court whenever the EEOC has reasonable cause to believe that any person or group is engaged in a pattern or practice of resistance to the full enjoyment of rights secured by Title VII, and that the pattern or practice is of such a nature and intended to deny the full exercise of those rights.  Id. at * 3.  Although the CVS court recognized that under prior Seventh Circuit precedent the EEOC could  proceed under section 707(a) without a charge of discrimination being filed (citing Harvey L. Walner & Assoc., 91 F.3d at 968), the court held that the EEOC may sue only after it has attempted to secure a conciliation agreement.  Id. at * 4.   Additionally, the Court rejected an interpretation of the term resistance as meaning an effort to keep an employee from exercising his or her rights under Title VII.  Id. at * 2 n.2.  Instead, the Court noted that the term "resistance" is encompassed by the antiretaliation and discrimination provisions of Title VII.[9]  Id.

The central issue in CVS was whether the EEOC was required to participate in the conciliation process before it could initiate an action for a violation of Title VII.  The CVS court relied upon the procedures set forth in section 706 as authority for the requirement to conciliate, despite the fact that  Seventh Circuit precedent did not require the filing of a charge of discrimination.  Id. at * 4.  Besides the fact that a requirement to conciliate is contrary to the precedent that binds this Court, Allegheny-Ludlum, the CVS holding is internally inconsistent.  If the procedures set out in section 706 are required for the EEOC to file an action under its section 707 authority,  then both the filing of a charge and conciliation should be required.  In any event, the CVS court gave short shrift to the concept of a claim by the EEOC for resistance,

_____

[9]  To be sure, while a "pattern or practice of resistance" may include a pattern of employment actions that are themselves unlawful employment practices, the text of section 707(a) does not limit it to those situations.

11

relegating this discussion to a footnote.  It did not discuss the relevant statutory language,[10] and it

cited a Supreme Court decision that did not address section 707.[11]  Id. at * 2 n.2 (citing

Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006)).

Lastly, the Court addresses Defendant's argument that the EEOC lacks standing to

challenge the arbitration agreement's terms because it is not a party to the agreement.  Binding

precedent in this Circuit has recognized that the EEOC, "[h]aving been set up by law to bring

civil actions on behalf of persons allegedly discriminated against," has standing to sue.  EEOC v.

D.H. Holmes, Co., Ltd., 556 F.2d 787, 797 (5th Cir. 1977); cf. EEOC v. Waffle House, 534 U.S.

279, 295-96 (2002) (an arbitration agreement signed by an individual employee does not bar the

EEOC from pursuing claims on behalf of the employee).

---

[10] For example, section 707(a) uses the broader term "person" whereas unlawful
employment practices can only be committed by an employer, employment agency, labor
organization, joint labor management committee, controlling apprenticeship or other training
program.  42 U.S.C. § 2000e(a) (definition of person); 42 U.S.C. § 2000e-2-3.  By using the term
"person" in section 707(a), Congress was not limiting the reach of the statute only to persons or
entities that could be sued for unlawful employment practices.  Compare 42 U.S.C. § 2000e-6
("Whenever the Attorney General has reasonable cause to believe that any person or group of
persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights
secured by this subchapter . . .") with 42 U.S.C. § 2000e-5(b) ("Whenever a charge is filed by or
on behalf of a person claiming to be aggrieved, or by a member of the Commission, alleging that
an employer, employment agency, labor organization, or joint labor-management committee
controlling apprenticeship or other training or retraining, including on-the-job training programs,
has engaged in an unlawful employment practice . . . .").

[11] CVS also cited to Davis v. Coca–Cola Bottling Co. Consol., 516 F.3d 955 (11th
Cir.2008), claiming that Davis interpreted section 707(a) as granting authority to the EEOC to
bring charges of a pattern or practice of discrimination and not as creating a separate cause of
action. Id. at 964–65.  Davis, however, was a section 706 action, not a section 707(a) action, so
anything Davis said about section 707(a) would be dicta.  Significantly, Davis noted that the
term "pattern or practice" "has come through common usage to represent the sum total of the
evils Congress intended to attack in § 707(a)." Id. at 965 n.17.

III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Doherty

Enterprises, Inc.'s Motion to Dismiss Plaintiff's Complaint (DE 8) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 1st day of September, 2015.

_____
KENNETH A. MARRA
United States District Judge

13