IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Palm Beach Division

EQUAL EMPLOYMENT OPPORTUNITY :
COMMISSION, et al.          :
                            :
              Plaintiff,    :
vs.                         :   Case No. 9:14-cv-81184-MARRA/MATTHEWMAN
                            :
DOHERTY ENTERPRISES INC.    :
and THE DOHERTY GROUP, INC.,:
                            :
              Defendant.    :
_____:

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, DOHERTY ENTERPRISES INC.[1] TO AMENDED COMPLAINT

Defendant named herein as Doherty Enterprises Inc.[1] ("Doherty" or "Defendant"), by and through its attorneys, Haile, Shaw & Pfaffenberger, P.A., and Saul Ewing, LLP, by way of Answer to the Amended Complaint of the Equal Employment Opportunity Commission ("Plaintiff" or "EEOC"), states as follows:

### JURISDICTION AND VENUE

1. The allegations contained in Paragraph 1 of the Amended Complaint are legal conclusions to which Defendant is not obligated to respond. Notwithstanding, Doherty denies that jurisdiction is properly invoked by the statutes cited, and Doherty denies that this action is authorized and properly instituted pursuant to Section 707(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-6 ("Section 707").

---

[1] There continues to be a dispute between the parties as to the proper name of the Defendant. Defendant has not and is not waiving any arguments regarding EEOC naming an improper defendant in this Action. Doherty Enterprises Inc. is a d/b/a and is not a legal entity with the capacity to be sued.

Equal Employment Opportunity Commission
vs. Doherty Enterprises, Inc.
Case No. 9:14-cv-81184-MARRA/MATTHEWMAN
Answer and Affirmative Defenses of Defendant,
Doherty Enterprises Inc. to Amended Complaint

Page 2

2. The allegations contained in Paragraph 2 of the Amended Complaint are legal conclusions to which Defendant is not obligated to respond. Notwithstanding, Doherty denies the allegations contained in Paragraph 2 of the Amended Complaint.

## PARTIES

3. Doherty admits that Plaintiff EEOC is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII. Doherty denies that the EEOC is the only agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII. Doherty denies that EEOC is expressly authorized to bring this action by Section 707(a) of Title VII, 42 U.S.C. § 2000e-6.

4. Doherty denies that it does business in Florida and has at least 15 employees since it is a d/b/a and is not a legal entity. Doherty denies the remaining allegations set forth in Paragraph 4 of the Amended Complaint.

5. The allegations contained in Paragraph 5 of the Amended Complaint are legal conclusions to which Defendant is not obligated to respond. Notwithstanding, Doherty denies the allegations contained in Paragraph 5 of the Amended Complaint.

## STATEMENT OF CLAIMS

6. Doherty denies the allegations contained in Paragraph 6 of the Amended Complaint.

7. Doherty admits that the document attached as Exhibit A to the Amended Complaint contains the language set forth in Paragraph 7 of the Amended Complaint. Doherty denies that the language set forth in Paragraph 7 of the Amended Complaint is the entirety of the agreement referenced and refers to the document itself for the full and accurate contents thereof.

Case 9:14-cv-81184-KAM   Document 81   Entered on FLSD Docket 02/09/2016   Page 3 of 13

Equal Employment Opportunity Commission
vs. Doherty Enterprises, Inc.
Case No. 9:14-cv-81184-MARRA/MATTHEWMAN
Answer and Affirmative Defenses of Defendant,
Doherty Enterprises Inc. to Amended Complaint

Page 3

8. Doherty admits that the document attached as Exhibit A to the Amended Complaint was used for applicants and employees for hourly and managerial positions at Applebee's locations in Florida. By way of further response, Doherty states that the document attached as Exhibit A to the Amended Complaint is no longer used for applicants and employees for hourly and managerial positions at Applebee's locations in Florida, and that the document attached as Exhibit A to the Amended Complaint ceased being used on or about January 5, 2015.

9. Doherty admits that the document attached as Exhibit A to the Amended Complaint was used for applicants and employees for hourly and managerial positions at Applebee's and other restaurant locations in New Jersey, New York and Georgia. By way of further response, Doherty states that the document attached as Exhibit A to the Amended Complaint is no longer used for applicants and employees for hourly and managerial positions at Applebee's and other restaurant locations in New Jersey, New York and Georgia, and that the document attached as Exhibit A to the Amended Complaint ceased being used on or about January 5, 2015.

10. Doherty denies the allegations contained in Paragraph 10 of the Amended Complaint.

11. Doherty denies the allegations contained in Paragraph 11 of the Amended Complaint.

12. Doherty denies the allegations contained in Paragraph 12 of the Amended Complaint.

13. Doherty denies each and every allegation of the Amended Complaint not expressly addressed herein.

Case 9:14-cv-81184-KAM   Document 81   Entered on FLSD Docket 02/09/2016   Page 4 of 13

*Equal Employment Opportunity Commission*
*vs. Doherty Enterprises, Inc.*
Case No. 9:14-cv-81184-MARRA/MATTHEWMAN
Answer and Affirmative Defenses of Defendant,
Doherty Enterprises Inc. to Amended Complaint

Page 4

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff lacks standing to bring this action.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel and/or unclean hands. The EEOC failed to follow its own procedures and administrative regulations in instituting this case. 29 C.F.R. § 1601.21(d) requires a reasonable cause finding by the District Director or his designee, which was not done in this case since an attorney made the reasonable cause finding. Moreover, the EEOC violated 29 C.F.R. § 1601.24(a) ("Where the Commission determines that there is reasonable cause to believe that an unlawful employment practice has occurred or is occurring, the Commission shall endeavor to eliminate such practice by informal methods of conference, conciliation and persuasion."); id. § 1601.25 (when EEOC determines that further conciliation "would be futile or nonproductive, it shall … so notify the [employer] in writing"); id. § 1601.27 (EEOC may bring a "civil action" unless it "secure[s]" a "conciliation agreement"). Nothing about these regulations is limited to section 706 cases, and their purpose is to set forth the EEOC's "procedures …for carrying out its responsibilities in the administration and enforcement of title VII"—with no caveat for section 707 cases. Id. § 1601.1. No such conference or conciliation occurred. In addition, upon information and belief, there is/was a version of the EEOC compliance manual stating that section 707(a) cases must be started with a commissioner's charge. That version was in draft online at the start of this lawsuit and

*Equal Employment Opportunity Commission*
*vs. Doherty Enterprises, Inc.*
Case No. 9:14-cv-81184-MARRA/MATTHEWMAN
Answer and Affirmative Defenses of Defendant,
Doherty Enterprises Inc. to Amended Complaint

Page 5

disappeared.

### Fourth Affirmative Defense

Plaintiff knows, or has reason to know, that some or all of its allegations are without any basis in fact or law. The EEOC conducted no investigation prior to instituting this litigation and had no basis for a finding that the Arbitration Agreement resists the full enjoyment of the rights secured by Title VII of the Civil Rights Act of 1964, as amended. In fact, there were two charges pending in the State of Florida at the time the EEOC made its finding.

### Fifth Affirmative Defense

Plaintiff lacks subject matter jurisdiction to bring this action.

### Sixth Affirmative Defense

Plaintiff's claims are barred because no charge was filed with the EEOC alleging that Defendant engaged in unlawful employment practices.

### Seventh Affirmative Defense

Plaintiff's claims are barred because it has no enforcement authority for the claims set forth in the Amended Complaint.

### Eighth Affirmative Defense

Plaintiff's claims are barred because it failed to satisfy all conditions precedent to filing suit. The EEOC failed to follow its own procedures and administrative regulations in instituting this case. 29 C.F.R. § 1601.21(d) requires a reasonable cause finding by the District Director or his designee, which was not done in this case since an attorney made the reasonable cause finding. Moreover, the EEOC violated 29 C.F.R. § 1601.24(a) ("Where the Commission

Case 9:14-cv-81184-KAM   Document 81   Entered on FLSD Docket 02/09/2016   Page 6 of 13

*Equal Employment Opportunity Commission*
*vs. Doherty Enterprises, Inc.*
Case No. 9:14-cv-81184-MARRA/MATTHEWMAN
Answer and Affirmative Defenses of Defendant,
Doherty Enterprises Inc. to Amended Complaint

Page 6

determines that there is reasonable cause to believe that an unlawful employment practice has occurred or is occurring, the Commission shall endeavor to eliminate such practice by informal methods of conference, conciliation and persuasion."); id. § 1601.25 (when EEOC determines that further conciliation "would be futile or nonproductive, it shall ... so notify the [employer] in writing"); id. § 1601.27 (EEOC may bring a "civil action" unless it "secure[s]" a "conciliation agreement"). Nothing about these regulations is limited to section 706 cases, and their purpose is to set forth the EEOC's "procedures ...for carrying out its responsibilities in the administration and enforcement of title VII"—with no caveat for section 707 cases. Id. § 1601.1. No such conference or conciliation occurred. In addition, upon information and belief, there is/was a version of the EEOC compliance manual stating that section 707(a) cases must be started with a commissioner's charge. That version was in draft online at the start of this lawsuit and disappeared.

### Ninth Affirmative Defense

Plaintiff's claims are barred because it failed to comply with its duty to conciliate.

### Tenth Affirmative Defense

Plaintiff's claims are barred because it failed to adhere to and follow all of its necessary administrative requirements. The EEOC failed to follow its own procedures and administrative regulations in instituting this case. 29 C.F.R. § 1601.21(d) requires a reasonable cause finding by the District Director or his designee, which was not done in this case since an attorney made the reasonable cause finding. Moreover, the EEOC violated 29 C.F.R. § 1601.24(a) ("Where the Commission determines that there is reasonable cause to believe that an unlawful employment practice has occurred or is occurring, the Commission shall endeavor to eliminate such practice

Case 9:14-cv-81184-KAM   Document 81   Entered on FLSD Docket 02/09/2016   Page 7 of 13

*Equal Employment Opportunity Commission*
*vs. Doherty Enterprises, Inc.*
Case No. 9:14-cv-81184-MARRA/MATTHEWMAN
Answer and Affirmative Defenses of Defendant,
Doherty Enterprises Inc. to Amended Complaint

Page 7

by informal methods of conference, conciliation and persuasion."); id. § 1601.25 (when EEOC determines that further conciliation "would be futile or nonproductive, it shall … so notify the [employer] in writing"); id. § 1601.27 (EEOC may bring a "civil action" unless it "secure[s]" a "conciliation agreement"). Nothing about these regulations is limited to section 706 cases, and their purpose is to set forth the EEOC's "procedures …for carrying out its responsibilities in the administration and enforcement of title VII"—with no caveat for section 707 cases. Id. § 1601.1. No such conference or conciliation occurred. In addition, upon information and belief, there is/was a version of the EEOC compliance manual stating that section 707(a) cases must be started with a commissioner's charge. That version was in draft online at the start of this lawsuit and disappeared.

### Eleventh Affirmative Defense

Plaintiff's claims are moot since Defendant has amended its Arbitration Agreement as attached.

### Twelfth Affirmative Defense

Plaintiff's claims are barred because no reasonable cause finding was issued in accordance with the EEOC's governing regulations prior to filing suit.

### Thirteenth Affirmative Defense

Defendant, DOHERTY ENTERPRISES INC. is a d/b/a and as such lacks the legal capacity to be the subject of a lawsuit.

**WHEREFORE**, Defendant demands judgment dismissing the Amended Complaint with prejudice, awarding attorneys' fees, costs of suit and any other relief to Defendant that the Court deems just and proper.

Case 9:14-cv-81184-KAM   Document 81   Entered on FLSD Docket 02/09/2016   Page 8 of 13

*Equal Employment Opportunity Commission*
*vs. Doherty Enterprises, Inc.*
Case No. 9:14-cv-81184-MARRA/MATTHEWMAN
Answer and Affirmative Defenses of Defendant,
Doherty Enterprises Inc. to Amended Complaint

Page 8

Dated: February 9, 2016

                               Respectfully submitted,

                               /s/Robert G. Haile, Jr., Esq.
                               Robert G. Haile, Jr., Esq.
                               Florida Bar No. 292796
                               rhaile@haileshaw.com
                               Antoinette Theodossakos, Esq.
                               Florida Bar No. 178608
                               atheodossakos@haileshaw.com
                               Haile, Shaw & Pfaffenberger, P.A.
                               660 U.S. Highway One, Third Floor
                               North Palm Beach, FL 33408
                               Phone: (561) 627-8100; Fax: (561) 622-7603
                               *Counsel for Defendant, Doherty Enterprises, Inc.*

and     /s/Dena B. Calo, Esq.
                               Dena B. Calo, Esq.
                               Saul Ewing LLP
                               650 College Road East, Suite 4000
                               Princeton, NJ  08540-6603
                               Phone: (609) 452-3135; Fax: (215) 972-7104
                               dcalo@saul.com
                               *Counsel for Defendant, Doherty Enterprises, Inc.*
                               Admitted *Pro Hac Vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of February, 2016, that the foregoing document is being filed this day with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

/s/Robert G. Haile, Jr., Esq.
Robert G. Haile, Jr., Esq.
Florida Bar No. 292796
rhaile@haileshaw.com
Antoinette Theodossakos, Esq.
Florida Bar No. 178608
atheodossakos@haileshaw.com
Haile, Shaw & Pfaffenberger, P.A.
660 U.S. Highway One, Third Floor
North Palm Beach, FL 33408
Phone: (561) 627-8100
Fax: (561) 622-7603
*Counsel for Defendant, Doherty Enterprises, Inc.*

*Equal Employment Opportunity Commission*
*vs. Doherty Enterprises, Inc.*
Case No. 9:14-cv-81184-MARRA/MATTHEWMAN
Answer and Affirmative Defenses of Defendant,
Doherty Enterprises Inc. to Amended Complaint

Page 10

## SERVICE LIST

**_Counsel for Plaintiff, Equal Employment Opportunity Commission:_**
Kimberly A. McCoy-Cruz, Esq., Supervisory Trial Attorney
Kimberly.cruz@eeoc.gov
Kristen Foslid, Esq., Trial Attorney
kristen.foslid@eeoc.gov
U.S. Equal Employment Opportunity Commission
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Tel: (305) 808-1803; Fax: (305) 808-1835

Robert E. Weisberg, Esq.
Regional Attorney
Robert.weisberg@eeoc.gov

P. David Lopez, Esq., General Counsel
James L. Lee, Esq., Deputy General Counsel
Gwendolyn Young Reams, Associate General Counsel
U.S. Equal Employment Opportunity Commission
131 M Street, N.E.
Washington DC 20507
(Via U.S. Mail)

**_Counsel for Defendant, Doherty Enterprises, Inc.:_**
Antoinette Theodossakos, Esq.
Haile, Shaw & Pfaffenberger, P.A.
atheodossakos@haileshaw.com
Robert G. Haile, Jr., Esq.
Florida Bar No. 292796
rhaile@haileshaw.com
660 U.S. Highway One, 3rd Floor
North Palm Beach, FL 33408
Phone: (561) 627-8100; Fax: (561) 622-7603

Dena B. Calo, Esq.
Saul Ewing LLP
dcalo@saul.com
1500 Market Street, 38th Floor
Philadelphia, PA 19102
Phone: (215) 972-7104
Fax: (215) 972-1858
*Admitted Pro Hac Vice*

D501.015/00387617 v1

*Equal Employment Opportunity Commission*
*vs. Doherty Enterprises, Inc.*
Case No. 9:14-cv-81184-MARRA/MATTHEWMAN
Answer and Affirmative Defenses of Defendant,
Doherty Enterprises Inc. to Amended Complaint

Page 11

# *ATTACHMENT*

**PERSONNEL FILE COPY**

## MANDATORY ARBITRATION AGREEMENT

I acknowledge that Doherty Enterprises utilizes a system of dispute resolution which involves binding arbitration to resolve any dispute, controversy, or claim arising out of, relating to or in connection with my employment with Doherty Enterprises. As a condition of employment at Doherty Enterprises or any of its related companies, I agree to the terms of this Agreement because of the mutual benefits (such as reduced expense and increased efficiency) which private binding arbitration can provide both Doherty Enterprises and myself.

I and Doherty Enterprises both agree that any claim, dispute, and/or controversy (including but not limited to any claims of employment discrimination, harassment, and/or retaliation under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Family and Medical Leave Act, the Uniformed Services Employment and Reemployment Rights Act, and any other applicable federal, state, or local statute, regulation or common law doctrine) which would otherwise require or allow resort to any court between myself and Doherty Enterprises (and/or its parents, subsidiaries, affiliates, owners, directors, officers, managers, employees, agents, and parties affiliated with its employee benefit and health plans) arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, ending of my employment with, or other association with Doherty Enterprises, whether based in tort, contract, statutory, or equitable law, or otherwise, shall be submitted to and determined exclusively by binding arbitration.

I understand that nothing in this binding Arbitration Agreement prevents me from first filing a charge or complaint, communicating with, or cooperating in an investigation or proceeding conducted by, the Equal Employment Opportunity Commission ("EEOC"), the National Labor Relations Board ("NLRB"), or any other federal, state or local agency charged with the enforcement of any laws. However, I also understand that I shall not be entitled to file a complaint in Court related to such charge or complaint, communication or investigation.

I agree that the arbitration and this Agreement shall be controlled by the Federal Arbitration Act. Any arbitration under this Agreement will be held in accordance with the American Arbitration Association's then-current Employment Arbitration Rules. The arbitrator, and only the arbitrator, will decide any and all disputes regarding whether a claim is arbitrable. In the event the arbitrator decides that any given matter is not arbitrable, the matter will be decided by a court of competent jurisdiction. Judgment upon award rendered by the arbitrator will be final and binding upon both parties and may be entered and enforced in any court of competent jurisdiction. I understand that I can pursue all of my substantive rights and remedies in arbitration, including attorneys' fee awards.

I and Doherty Enterprises both agree to arbitrate solely on an individual basis, and I understand that this Agreement does not permit class arbitration or any claims brought as a plaintiff or class member in any class or representative arbitration proceeding. The arbitral tribunal may not consolidate more than one person's claims, and may not otherwise preside over any form of a representative or class proceeding. In the event this prohibition on class arbitration is deemed invalid or unenforceable, the remaining portions of this Agreement will remain in force.

I UNDERSTAND BY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH I AND DOHERTY ENTERPRISES WAIVE OUR RIGHT TO TRIAL BY JURY. I FURTHER UNDERSTAND THAT THIS BINDING ARBITRATION AGREEMENT IS A CONTRACT FOR PURPOSES OF EMPLOYMENT DISPUTE RESOLUTION ONLY. THIS AGREEMENT DOES NOT CHANGE THE AT-WILL NATURE OF MY EMPLOYMENT AND DOES NOT CONSTITUTE A CONTRACT OF EMPLOYMENT IN ANY RESPECT.

_____  _____
Name (Please Print)         Date

_____  _____
Signature of Applicant      Date

Revised 12/28/14

## 13.9 ARBITRATION OF EMPLOYMENT DISPUTES

At the time you applied for employment with Doherty, you signed an Arbitration Agreement which requires that all disputes between you and Doherty must be submitted to and determined exclusively by binding arbitration. Nothing in this binding Arbitration Agreement between you and Doherty prevents you from first filing a charge or complaint, communicating with, or cooperating in an investigation or proceeding conducted by, the Equal Employment Opportunity Commission ("EEOC"), the National Labor Relations Board ("NLRB"), or any other federal, state or local agency charged with the enforcement of any laws. However, you shall not be entitled to file a complaint in Court related to such charge or complaint, communication or investigation. If you have any questions about your right to file a charge or complaint, or would like a copy of the agreement you signed, please call the Human Resources Department at 1- 866- DOHERTY (1-866-364-3789) and an HR Representative will assist you.

## 13.9 ARBITRAJE DE CONFLICTOS LABORALES

En el momento en que solicitó el empleo con Doherty, que firmó un acuerdo de arbitraje que requiere que todas las disputas entre usted y Doherty deben ser presentados y determinadas exclusivamente por arbitraje vinculante. Nada en este Acuerdo de arbitraje vinculante entre usted y Doherty le impide primera presentación de una acusación o queja, comunicarse con, o cooperar en una investigación o procedimiento llevado a cabo por la Comisión de Igualdad de Oportunidades en el Empleo (" EEOC "), la Junta Nacional de Relaciones Laborales ("NLRB") , o cualquier otra agencia federal , estatal o local encargada de la aplicación de las leyes . Sin embargo, usted no tendrá derecho a presentar una queja en la Corte relacionada con dicha acusación o queja, la comunicación o la investigación. Si usted tiene alguna pregunta acerca de su derecho a presentar una acusación o queja, o si desea una copia del acuerdo que firmó, por favor llame al Departamento de Recursos Humanos al 1- 866- Doherty (1-866-364-3789) y una HR representante le ayudará.