UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-81184-CIV-MARRA

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION, et al.,

Plaintiff,

vs.

THE DOHERTY GROUP, INC. d/b/a
DOHERTY ENTERPRISES, INC.,

Defendant.
_____________________________________/

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This cause is before the Court upon Defendant's Motion for Summary Judgment (DE 257); Plaintiff's Motion for Summary Judgment (DE 260); Plaintiff's Motion for Partial Summary Judgment as to Affirmative Defenses (DE 278); Plaintiff's Motion to Strike (DE 303) and Plaintiff's Motion for Leave to File Sur-reply (DE 310).

I. Background

The facts, as culled from affidavits, exhibits, depositions, answers, answers to interrogatories and, reasonably inferred therefrom for the purpose of this motion, are as follows:

Plaintiff, the Equal Employment Opportunity Commission, ("EEOC," "Plaintiff"), has brought a Second Amended Complaint, seeking injunctive relief against The Doherty Group ("Defendant" "Doherty") for a violation of section 707(a) of Title VII of the 1964 Civil Rights Act ("Title VII"). (Second Am. Compl., DE 124.) Defendant is a management company that provides operational support to 161 restaurants owned by affiliated entities in New Jersey, New

York, Florida and Georgia. (DE 283 at ¶1a; Jerry Marcopoulos Dep. 21, 62-63, DE 259-1.)

The dispute centers on Defendant's mandatory arbitration agreement ("the agreement") that was amended in May of 2013 and in effect until January 2015 . (DE 283 at ¶1a.) Plaintiff posits that the agreement interferes with the rights of applicants or employees of Defendant to file charges with the EEOC and the Fair Employment Practices Agencies ("FEPAs") and to communicate and participate in proceedings conducted by the EEOC and FEPAs. Defendant contends that it never intended the agreement to restrict its applicants or employees from filing charges with the EEOC or the FEPAs.

The pertinent part of the agreement follows:

> I acknowledge that Doherty enterprises utilizes a system of alternate dispute *resolution* which involves binding arbitration to *resolve* any dispute, controversy or claim arising out of, relating to or in connection with my employment with Doherty Enterprises. As a condition of employment at Doherty Enteprises or any of its related companies, I agree to the terms of this Agreement because of the mutual benefits (such as reduced expense and increased efficiency) which private binding arbitration can provide both Doherty Enterprises and myself.
>
> I and Doherty Enterprises agree that any claim, dispute and/or controversy (including but not limited to any claims of employment discrimination, harassment, and/or retaliation under Title VII and all other applicable federal, state, or local statute, regulation or common law doctrine) which would otherwise require or allow resort to any court or other governmental dispute resolution forum between myself and Doherty Enterprises (and/or its parents, subsidiaries, affiliates, owners, directors, officers, managers, employees, agents and parties affiliated with its employee benefit and health plans) arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, or other association with Doherty Enterprises, whether based on tort, contract, statutory, or equitable law, or otherwise, (with the sole exception of claims arising under the National Labor Relations Act which are brought before the National Labor Relations Board, claims for medical and disability benefits under applicable state and/or local law) shall be submitted to and *determined* exclusively by binding arbitration . . . .
>
> I UNDERSTAND THAT BY AGREEING TO THIS BINDING ARBITRATION PROVISION, BOTH I AND DOHERTY ENTERPRISES WAIVE OUR RIGHTS

> TO A TRIAL BY JURY. I FURTHER UNDERSTAND THAT THIS BINDING ARBITRATION AGREEMENT IS A CONTRACT. HOWEVER, IT DOES NOT CONSTITUTE A CONTRACT OF EMPLOYMENT AS IT DOES NOT COVER ANY OTHER TERMS AND CONDITIONS OF MY EMPLOYMENT.

(Agreement, DE 1.)(emphasis added).

Defendant moves for summary judgment on the following grounds: (1) Plaintiff cannot meet its evidentiary burden to demonstrate Defendant intended to violated Title VII; (2) the arbitration agreement does not prohibit the filing of charges with the EEOC because it is not a "government dispute resolution forum;" (3) the arbitration agreement does not restrict the EEOC from pursuing enforcement actions; (4) the EEOC's interpretation of section 707(a) of Title VII is unconstitutional and (5) the EEOC has unclean hands.

Plaintiff moves for summary judgment on the following grounds: (1) the mandatory arbitration agreement amounts to a pattern and practice of resistance of the right to file charges under section 707(a) of Title VII; (2) the agreement targets "government dispute resolution fora;" (3) a resistance claim only requires the EEOC to demonstrate that Defendant attempted to deter charge filing and (4) Defendant's use of the arbitration agreement was intentional. Plaintiff also moves for summary judgment on Defendant's affirmative defenses 3, 4, 8, 10, 11, 12, 14 and 15.

II. Summary Judgment Standard

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323. To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325. When the nonmoving party bears the burden of proof on an issue, the moving party may discharge its burden by showing that the materials on file demonstrate that the party bearing the burden of proof at trial will not be able to meet its burden. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir.1991).

After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-

moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. 242, 249-50.

III. Discussion

The Court begins by observing that the parties agree that mandatory arbitration of Title VII claims is lawful. See Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 123 (2001) ("arbitration agreements can be enforced under the [Federal Arbitration Act] without contravening the policies of congressional enactments giving employees specific protection against discrimination prohibited by federal law"); Bender v. A.G. Edwards & Sons, Inc., 971 F.2d 698, 700 (11th Cir. 1992) (Title VII claims subject to mandatory arbitration). Furthermore, the United States Supreme Court, in a case brought pursuant to the Age Discrimination in Employment Act ("ADEA"), recognized that "[a]n individual ADEA claimant subject to an arbitration agreement will still be free to file a charge with the EEOC, even though the claimant is not able to institute a private judicial action." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 28 (1991).

The parties also acknowledge that the agreement does not contain the word "charge." The issue before the Court then is whether the agreement can be interpreted to deprive applicants or employees of Defendant of their right to file a charge with the EEOC and FEPAs. In examining an agreement, "[t]he paramount goal of contract interpretation is to determine the intent of the parties. Courts are to consider not the inner, subjective intent of the parties, but rather the intent a reasonable person would apprehend in considering the parties' behavior." Defenders of Wildlife v. Salazar, 877 F. Supp. 2d 1271, 1292 (M.D. Fla. 2012) (citing Baldwin v. Univ. of Pittsburgh Med. Ctr., 636 F.3d 69, 75–76 (3d Cir. 2011)). "[T]he basic rule of contract interpretation is that

the intention of the parties is to be determined from a consideration of the whole agreement." Id. (citing In re Chira, 567 F.3d 1307, 1311 (11th Cir. 2009)). "In order to determine the common usage or ordinary meaning of a term, courts often turn to dictionary definitions for guidance." Hirsch v. Jupiter Golf Club LLC, 232 F. Supp. 3d 1243, 1251 (S.D. Fla. 2017) (citing CBS Inc. v. PrimeTime 24 Joint Venture, 245 F.3d 1217, 1223 (11th Cir. 2001)).

Reading the agreement as a whole, the Court finds it was intended to inform all of Defendant's applicants or employees that any and all disputes would be *resolved* solely by arbitration. The agreement does not address any other method or means of presenting or airing grievances or complaints about conditions of employment other than that, to the extent any such complaint or grievance advances to the point that requires a final *determination* on the merits, it will be *resolved* in arbitration.

The Oxford English Dictionary defines "resolution" as "a formal decision, determination, or expression of opinion by a deliberative assembly, committee, court, public meeting, etc." Oxford English Dictionary, http://www.oed.com/view/Entry/163721?rskeypCUzQf &result=1&isAdvanced=false#eid (last visited Feb. 6, 2018); see also Resolution, https://www.merriam-webster.com/dictionary/resolution?src=search-dict-box (last visited Feb. 22, 2018) ("a formal expression of opinion, will, or intent voted by an official body or assembled group."). Black's Law Dictionary defines "resolution" as "[a] formal expression of an opinion, intention, or decision by an official body or assembly." Resolution, Black's Law Dictionary (7th ed. 1999). With respect to "determination," Black's Law Dictionary defines "determination" as "[a] final decision by a court or administrative agency." Determination, Black's Law Dictionary (7th ed. 1999); see also Determination, New Oxford English Dictionary (2d ed. 2005) ("a judicial

decision or sentence."); Determination, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/determination?src=search-dict-hed (last visited Feb. 22, 2018) ("a judicial decision settling and ending a controversy"). Thus, the intent of the agreement was to ensure that any employment dispute by an applicant or employee would be subject to mandatory arbitration and no final decision could be reached in any other forum, with the exception of those forums which the agreement carved out.

In support of this conclusion, the Court looks to the language of the agreement. The second paragraph of this provision anticipates that all "claim[s], dispute[s] and/or controvers[ies]" pertaining to employment would be "*determined* exclusively by binding arbitration." (emphasis added). The use of the term "determined" reflects that applicants and employees agree to have all their disputes *resolved* in arbitration only. The agreement does not address the filing of charges with or investigations by the EEOC or FEPAs. Filing of charges and participating in investigations do not *resolve* disputes and therefore the agreement does not address these activities. Nor is there any requirement that the agreement affirmatively state that it is not a waiver of the right to file charges with the EEOC or FEPAs. Cf. Ribble v. Kimberly-Clark Corp., No. 09-C-643, 2012 WL 589252, at *7 (E.D. Wis. Feb. 22, 2012) (separation agreement is not required to state there is a ban against waivers of filing charges with the EEOC).

The first and third sections of the provision at issue ensure this understanding. The first paragraph explains that all employment disputes are *resolved* with "binding arbitration" and the third section of the provision reiterates that the agreement provides for "binding arbitration" and acts as a waiver to a trial by jury. Simply put, each paragraph in this agreement provides that

arbitration is the sole forum for applicants or employees to obtain a final *determination* on the merits of any employment dispute. Nothing else can be read into this clear, unambiguous language.

In sum, the agreement does not prevent Defendant's applicants or employees from filing charges with the EEOC or FEPAs. Because this threshold issue resolves the dispute, the parties' remaining arguments need not be addressed.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendant's Motion for Summary Judgment (DE 257) is **GRANTED**.

2) Plaintiff's Motion for Summary Judgment (DE 260) is **DENIED**.

3) Plaintiff's Motion for Partial Summary Judgment as to Affirmative Defenses (DE 278) is **DENIED AS MOOT**.

4) Plaintiff's Motion to Strike (DE 303) is **DENIED AS MOOT** because the Court did not consider the affidavit.

5) Plaintiff's Motion for Leave to File Sur-reply (DE 310) is **GRANTED.**

6) The Court will separately enter judgment for Defendant.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 26th day of February, 2018.

KENNETH A. MARRA
United States District Judge