UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-cv-81184-MARRA/MATTHEWMAN

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION, *et al.*,

    Plaintiffs,

v.

THE DOHERTY GROUP, INC., d/b/a
DOHERTY ENTERPRISES, INC.,

    Defendants.
_____/

FILED BY____KJZ____D.C.
Dec 29, 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ON DEFENDANT'S MOTION FOR BILL OF COSTS [DE 359]**

**THIS CAUSE** is before the Court upon Defendant, The Doherty Group, Inc. d/b/a Doherty Enterprises, Inc.'s ("Defendant") Bill of Costs and Memorandum of Law in Support of Its Bill of Costs ("Motion") [DE 359]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra. *See* DE 363. Plaintiff, Equal Employment Opportunity Commission ("Plaintiff"), has filed a response [DE 360], and Defendant has filed a reply [DE 362]. For the reasons that follow, the undersigned **RECOMMENDS** that the District Judge award Defendant costs in the amount of **$7,385.02** against Plaintiff.

**I.    BACKGROUND**

Plaintiff filed its Complaint in this case on September 18, 2014. [DE 1]. It later filed an Amended Complaint [DE 69] and Second Amended Complaint [DE 124]. On February 16, 2017, Defendant filed a Motion for Summary Judgment. [DE 257]. On February 26, 2018, the Court entered an Order granting Defendant's Motion for Summary Judgment and Judgment in favor of

1

Defendant. [DEs 336, 337]. On April 26, 2018, Plaintiff filed a Notice of Appeal. [DE 341]. On August 21, 2020, Plaintiff filed its Motion to Voluntarily Dismiss the Appeal, which was granted by the United Stated Court of Appeals for the Eleventh Circuit on September 14, 2020. [DEs 353, 354]. Because Defendant has clearly prevailed by Order on its Motion for Summary Judgment, it is entitled to recover all taxable costs pursuant to 28 U.S.C. § 1920.

On November 4, 2020, Defendant filed its Bill of Costs [DE 359-2]. Attached to the Bill of Costs are a Memorandum in Support of Its Bill of Costs [DE 359-1] and the Declaration of Dena B. Calo in Support of Defendant's Bill of Costs, with invoices attached [DE 359-3]. Defendant requests a total of $9,539.10 in costs.

## II. LITIGATION EXPENSES AND COSTS

Defendant has filed a Bill of Costs pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d), and Southern District of Florida Local Rule 7.3, seeking to recover total costs of $9,539.10, which were incurred in defending this matter. [DE 359-1]. Specifically, Defendant seeks the following costs: (1) $4,225.53 in fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (2) $3,727.32 in fees for witnesses; and (3) $ 1,586.25 in fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in this case. [DE 359-2]. In its Memorandum in Support of Its Bill of Costs [DE 359-1], Defendant describes the nature of the costs sought to be recovered and the reasons why those costs were incurred.

A. Legal Standard

Federal Rule of Civil Procedure 54 states in part, "[u]nless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing

party." Fed. R. Civ. P. 54(d)(1). For purposes of Rule 54(d)(1), a "prevailing party" is the party in whose favor judgment is rendered by the Court. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002). Here, there is no doubt that Defendant is the prevailing party as the Court entered an Order granting Defendant's Motion for Summary Judgment and Judgment in favor of Defendant, and Plaintiff ultimately filed a Motion to Voluntarily Dismiss the Appeal, which was granted.

Next, 20 U.S.C. § 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987). Pursuant to § 1920, a judge or clerk of any court of the United States may tax costs regarding the following:

> (1) Fees of the Clerk and Marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

B. <u>Analysis</u>

1. *Deposition and Transcription Fees*

Defendant seeks to recover court reporter and deposition transcript fees in the amount of $4,225.53. [DE 359-2]. According to Defendant, the depositions of witnesses Jerry Marcopoulos, Kathleen Coughlin, Robert Weisberg, Kristen Foslid and William Morciglio were necessarily obtained for use in the case. [DE 359-1, p. 4]. Defendant asserts that the depositions of Jerry

3

Marcopoulos, Kathleen Coughlin, and Robert Weisberg were used in support of Defendant's Motion for Summary Judgment. *Id.* Additionally, Defendant explains that it had to seek a Court Order compelling the depositions of Kristen Foslid and William Morciglio. *Id.* Defendant has provided the invoices for the depositions and transcripts. *See* DE 359-3, Ex. A-E.

In response, Plaintiff asserts that Defendant has not met its burden to demonstrate that the depositions of EEOC Trial Counsel Kristen Foslid or EEOC Investigator William Morciglio were necessarily obtained for use in the case. [DE 360, p. 6]. Plaintiff does not contest that the depositions of Jerry Marcopolous, Kathleen Coughlin, and Robert E. Weisberg were necessarily obtained for use in the case. *Id.* at p. 11. However, Plaintiff argues that Defendant has failed to identify the costs of copies of the various transcripts and has failed to explain the need to rush orders for the original transcripts. *Id.* According to Plaintiff, the costs of the original transcripts should be reduced to half for the depositions of Marcopolous and Coughlin. *Id.* Finally, Plaintiff asserts that Defendant seeks to tax to Plaintiff numerous non-recoverable, non-taxable costs amounting to $1627.93 that were incurred solely for the convenience of counsel. *Id.* at p. 13.

In reply, Defendant contends that the depositions of Kristen Foslid and William Morciglio were necessarily obtained for use in this case because the depositions established that Plaintiff had violated civil law, rule, and regulation and because "a primary issue in this case, and raised on Defendant's motion for summary judgment, was whether the Arbitration Agreement stemmed from a Charge of Discrimination." [DE 362, p. 4]. Defendant also points out that the Court ordered the depositions of Ms. Foslid and Mr. Morciglio after finding them to be relevant. *Id.* at p. 5. With regard to the depositions of Jerry Marcopoulos, Kathleen Coughlin, and Robert E. Weisberg, Defendant argues that there is no basis to Plaintiff's claim that the deposition transcript costs are

4

only recoverable to the extent they are "copies" of transcripts. *Id.* Defendant also contends that it is entitled to reimbursement for all of the costs it expended in connection with the depositions in this matter because expedited copies of the transcripts were necessary. *Id.* at pp. 5-6.

The Eleventh Circuit has held that costs for deposition transcripts are generally taxable as long as the transcripts were "necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). In determining the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken. *Id.* Additionally, "[b]ecause the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008). "In addition, many courts in this district have held that court reporter attendance fees are taxable as costs." *Sutton v. Royal Caribbean Cruise Line*, No. 16-24707-CIV, 2018 WL 4282843, at *3 (S.D. Fla. Sept. 7, 2018) (citing *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258-59 (S.D. Fla. 2013)).

The Court finds that Defendant has established that the depositions of Jerry Marcopoulos, Kathleen Coughlin, and Robert Weisberg would have been necessary at the time they were taken and notes that Plaintiff concedes that these depositions were necessary. The Court also finds, over Plaintiff's objection, that the depositions of Kristen Foslid and William Morciglio would have been necessary at the time they were taken. Plaintiff has not met its burden of showing that the deposition costs and court reporter's fees were not necessary for use in the case or that the

depositions were not related to an issue present in the case at the time of the depositions. The Court also notes that it did previously find the depositions of Kristen Foslid and William Morciglio, as limited in scope by the Court, to be relevant, *see* DE 173, and will not relitigate the issue now. While the Court does generally find that Defendant is entitled to recover the court reporter attendance fees and transcript costs, the Court finds that the invoices from the court reporters contain several fees that are not recoverable.

Courts have determined that "fees for expedited or condensed transcripts, compressed and miniscript versions, and CD ROMs with ASCII are not reimbursable under § 1920." *Muldowney v. MAC Acquisition, LLC*, No. 09-22489-CIV-HUCK, 2010 WL 3385388, at *4 (S.D. Fla. July 30, 2010) (quoting *Licausi v. Symantec Corp.*, No. 08-60544-CIV, 2009 WL 3177566, at *3 (S.D. Fla. Sept. 29, 2009)). "[C]osts incurred as a result of digital or condensed copies of transcripts, word indexes, or copies of exhibits are generally not recoverable unless the moving party demonstrates that these items were necessary and not merely ordered for the convenience of counsel." *Nelson v. N. Broward Med. Ctr.*, No. 12-61867-CIV, 2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014).

"[W]hen the cost of an expedited transcript is incurred solely for the convenience of counsel, it is not taxable." *A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.*, No. 17-24223-CIV, 2019 WL 2245507, at *3 (S.D. Fla. Apr. 17, 2019) (citing *Nat'l Bancard Corp. v. VISA, Inc.*, 112 F.R.D. 62, 64 (S.D. Fla. 1986). When a court must determine whether such costs are recoverable, "the court should consider whether the prevailing party could have reasonably believed that [they were] necessary." *U.S. E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000). "[W]hen the movant demonstrates a need for expediting the transcript, a district court may award costs." *A.T.O. Golden Constr. Corp.*, 2019 WL 2245507, at *3 (citing *Maris Distributing*

6

*Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225-26 (11th Cir. 2002)). "To recover costs for expedited or rough transcripts, the requesting party bears the burden of showing that expediting the transcript was 'essential to the resolution of the case.'" *Pediatric Nephrology Assocs. of S. Fla. v. Variety Children's Hosp.*, No. 16-24138-CIV, 2018 WL 4778456, at *4 (S.D. Fla. July 9, 2018), *report and recommendation adopted,* No. 1:16-CV-24138-UU, 2018 WL 4777166 (S.D. Fla. July 24, 2018) (citing *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1293 (S.D. Fla. 2015)). Finally, "[s]hipping and handling costs derived from the stenographer are not taxable." *Khoury v. Miami-Dade Cty. Sch. Bd.*, No. 16-20680-CIV, 2018 WL 7150192, at *5 (S.D. Fla. Nov. 28, 2018), *report and recommendation adopted,* No. 16-20680-CIV, 2019 WL 399898 (S.D. Fla. Jan. 31, 2019) (citing *Castillo v. Teledyne Cont'l Motors. Inc.*, No. 08-21850-CV, 2011 WL 1343051, at *2 (S.D. Fla. Mar. 16, 2011), *report and recommendation adopted*, 2011 WL 1337232 (S.D. Fla. Apr. 7, 2011)).

The first issue is whether the cost of expediting certain of the deposition transcripts was incurred solely for the convenience of counsel. In its reply, Defendant explains that Mr. Marcopoulos was deposed on August 26, 2016, and Ms. Coughlin was deposed on September 2, 2016, and expedited copies of the deposition transcripts were necessary for the oral argument held in September and for consultation in connection with Defendant's response to Motion for Protective Order filed September 7, 2016. [DE 362, p. 6]. Defendant also points out that Ms. Coughlin's second deposition date was December 9, 2016, and Mr. Weisberg's deposition was January 25, 2017, and, in December 2016 and January 2017, the parties were briefing issues relating to EEOC's Motion for Protective Order. *Id.* According to Defendant, expedited copies of those transcripts were needed in connection with that briefing. *Id.* The Court finds that Defendant

7

reasonably believed that the fees to expedite the transcripts were necessary and that they are, therefore, taxable.

However, Defendant has not shown that copies of the exhibits, digital transcripts, condensed transcripts, late fees, or other miscellaneous charges were necessary. Moreover, shipping and handling costs are not taxable. Therefore, after subtracting the fees that Defendant is not entitled to recover, the Court has calculated that Defendant is only entitled to the following court reporter attendance and deposition transcript costs associated with each deposition: (1) $505.25 for Jerry Marcopoulos' deposition [DE 359-3, Ex. A]; (2) $1,797.63 for Kathleen Coughlin's deposition [DE 359-3, Ex. B]; (3) $1,040.00 for Robert Weisberg's deposition [DE 359-3, Ex. C]; (4) $288.50 for Kristen Foslid's deposition [DE 359-3, Ex. D]; and (5) $172.35 for William Morciglio's deposition [DE 359-3, Ex. E]. In sum, the total amount of costs recoverable for the court reporter attendance and transcript fees is $3,803.73. The undersigned **RECOMMENDS** that the District Judge award Defendant $3,803.73 in deposition-related costs.

*2. Fees for Witnesses*

Defendant seeks to recover fees for witnesses in the amount of $3,727.32. [DE 359-2]. According to Defendant, pursuant to 28 U.S.C. § 1821, it is entitled to the costs of travel, lodging, and related incidental expenses for witnesses Jerry Marcopoulos and Kathleen Coughlin, who were required to travel from New Jersey to Florida to appear at their depositions. [DE 359-1, p. 5]. Defendant has attached invoices regarding these fees. [DE 359-3, Ex. F-G].

In response, Plaintiff first argues that the fees for the two witnesses should be entirely disallowed because Jerry Marcopolous is Defendant's Executive Vice President and Chief Financial Officer and Kathleen Coughlin is Defendant's Vice President of Human Resources,

Training, and Recruiting, and both testified pursuant to a Rule 30(b)(6) deposition as its corporate representatives. [DE 360, p. 14]. According to Plaintiff, district courts have generally declined to tax witness costs when the witness is the defendant's corporate representative. *Id.*

Plaintiff also argues that, if the Court finds it appropriate to award the witness fees, it should reduce the fees. [DE 360, p. 15]. It contends that, pursuant to 28 U.S.C. §1821(b), the attendance fee should be limited to $40 for Jerry Marcopolous and $80 for Kathleen Coughlin. *Id.* at p. 16. With regard to airfare, Plaintiff asserts that Defendants has not demonstrated that Mr. Marcopolous' airfare is the most economical rate available at the time; however, it does not contest that Ms. Coughlin's flight in the amount of $304.00 is an economical rate. *Id.* at p. 17. Plaintiff asks that Mr. Marcopolous' airfare be reduced to $304.00 as well. *Id.*

Next, Plaintiff asserts that, in August and September 2016, the subsistence per diem rate in Fort Lauderdale, Florida was $110 for lodging and $64 for meals, expenses and incidentals, and, in December 2016, the per diem rate in Fort Lauderdale, Florida was $151 for lodging and $64 for meals, expenses and incidentals. [DE 360, p. 18]. Accordingly, Plaintiff asserts that the subsistence costs should be limited to the following: (1) Jerry Marcopolous – two days per diem ($220.00 lodging plus $128.00 ME&I totaling $348.00) for August 25 (day before deposition) and August, 26, 2016 (deposition day); and (2) Kathleen Coughlin – two days per diem in September 2016 ($220.00 lodging plus $128.00 ME&I totaling $348.00) and two days per diem in December 2016 ($302.00 lodging plus $128.00 ME&I totaling $430.00). *Id.* at p. 18-19, Finally, with regard to local transportation, Plaintiff contends that the transportation costs must be limited to transport between airport and hotel and hotel to the deposition location for Mr. Marcopolous and Ms. Coughlin in the total amount of $54.40. *Id.* at p. 19.

In reply, Plaintiff first contends that costs associated with the testimony of a corporate representative not personally involved in the litigation are taxable. [DE 362, pp. 6-7]. Plaintiff next explains that "[b]ased on the per diem rates in effect at the time of the respective depositions, Defendant modifies its bill of costs as identified in the below chart in the total amount of $2,956.06, which reduces the lodging and meal costs to reflect per diem rates." *Id.* at p. 8.

As an initial matter, the Court does find that the witness fees associated with the testimony of the two corporate representatives not personally involved in the litigation are taxable and agrees with the plethora of cases in this Circuit which have allowed them. *See Integrity Factoring Grp. Inc. v. Powerhouse Fresh Holdings, LLC*, No. 17-81314-CIV, 2018 WL 7954547, at *3 (S.D. Fla. Sept. 28, 2018); *Witte Wolk BV v. Lead by Sales, LLC*, No. 8:12-CV-2868-T-30AEP, 2015 WL 275812, at *3 (M.D. Fla. Jan. 22, 2015); *Santana v. RCSH Operations, LLC*, No. 10-61376-CIV, 2012 WL 3779013, at *4 (S.D. Fla. Aug. 31, 2012); *Equal Employment Opportunity Comm'n v. Winn-Dixie Montgomery, LLC*, No. CV 09-0643-C, 2011 WL 13248688, at *2 (S.D. Ala. Mar. 24, 2011); *Saldibar v. Delray One, Inc.*, No. 07-80608-CIV, 2008 WL 3540520, at *1 (S.D. Fla. Aug. 12, 2008); *Geico Cas. Co. v. Beauford*, No. 8:05-CV-697-T-24 EAJ, 2008 WL 11439349, at *3 (M.D. Fla. July 17, 2008).

Next, the Court must determine whether the witness fees claimed are taxable. "Witness fees are statutorily mandated by 28 U.S.C. § 1920(3) ... However, the amount of witness fees and taxable costs are governed by 28 U.S.C. § 1821...." *Rosenfeld v. Oceania Cruises, Inc.,* 2010 WL 11505555, *3 (S.D. Fla. May 25, 2010). Pursuant to 28 U.S.C. § 1821(a)(1), "[e]xcept as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take

his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section." 28 U.S.C. § 1821(a)(1). Section 1821(b) states that "[a]witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance."

28 U.S.C. § 1821(b). Section 1821(c)(1) states that "[a] witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished." 28 U.S.C. § 1821(c)(1). Section 1821(c)(3) provides that "[t]oll charges for toll roads, bridges, tunnels, and ferries, taxicab fares between places of lodging and carrier terminals, and parking fees (upon presentation of a valid parking receipt), shall be paid in full to a witness incurring such expenses." 28 U.S.C. § 1821(c)(3). Finally, Section 1821(d)(2) provides that "[a] subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services, pursuant to section 5702(a) of title 5, for official travel in the area of attendance by employees of the Federal Government." 28 U.S.C. § 1821(d)(2).

The Court has carefully reviewed the table in Defendant's reply [DE 362, p. 8]. First, the Court notes that the parties now agree on the lodging costs (a total of $742 for both witnesses) and the attendance costs (a total of $120 for both witnesses). Next, the only dispute as to meals,

11

expenses and incidentals is how many days' worth of meals, expenses, and incidentals each witness was entitled to. The Court finds that Plaintiff properly determined that Defendant is entitled to two days' worth of meals, expenses, and incidentals for Mr. Marcopolous for a total of $128.00 (accounting for the day before deposition and the deposition day) and Defendant is entitled to four days' worth of meals, expenses, and incidentals for Ms. Coughlin (accounting for the day before each of her two depositions and each of the two deposition days). Next, with regard to local transportation, the Court finds that the $75.46 claimed for taxis for the witnesses to get to their depositions is proper.

The only remaining issue, therefore, is the airfares. The Court finds that Ms. Coughlin's roundtrip flight in the amount of $304.20 appears to be at the most economical rate reasonably available. Moreover, Plaintiff does not object to the cost the flight. [DE 360, p. 17]. Defendant claims that Ms. Coughlin took a second roundtrip flight in the amount of $399.20 for an additional deposition. However, the only receipt in the amount of $399.20 in the record is at DE 359-3, Ex. G and is for a Delta flight. The passenger's name on the receipt is Alyssa Martina, the receipt shows that two (and not one) seats were purchased, and it appears that the flight was from Detroit to Fort Lauderdale and back. Since Defendant has completely failed to explain the Delta receipt and how it relates to Ms. Coughlin's travel to Florida for a deposition, the Court will exclude this flight from the total witness fees amount.

Finally, Defendant seeks $739.20 for Mr. Marcopolous' flight. The receipt [DE 359-3, Ex. F] shows that the flight was at the economy basic level on United Airlines, but that it was not purchased until August 17, 2016, for departure date of August 24, 2016. The Court is unaware of exactly how much notice Mr. Marcopolous had of his deposition, but it was clearly more than

seven days, and it appears that his flight could have been purchased at a more economical rate. Therefore, the Court reduces the request by 50%, awarding $369.60 for the flight. See *Computer Program & Sys. Inc. v. Wazu Holdings, Ltd.*, No. CV 15-00405-KD-N, 2019 WL 1119352, at *5 (S.D. Ala. Mar. 11, 2019).

Based on the foregoing, the Court finds that Defendant entitled to witness fees for Ms. Coughlin in the amount of $1,188.42 and witness fees for Mr. Marcopolous in the amount of $806.84. Therefore, the Court **RECOMMENDS** that the total witness fees amount to be awarded to Defendant is $1,995.04.

### 3. Fees for Exemplification and Costs of Making Copies

Defendant requests copying costs in the amount of $1,586.25. [DE 359-2]. Defendant states that it was charged $0.25 per page for black and white copies (5,513 pages) and $1.00 per page for color copies (208 pages). [DE 359-1, p. 6].

In response, Plaintiff argues that Defendant has failed to meet the burden to show the necessity of such copies and the burden to show that copies were not made for counsel's convenience. [DE 360, p. 3]. Plaintiff also contends that Defendant has failed to "describe what was copied, provides no invoice or other documentation relating to the costs of the copying it seeks to tax and, beyond legal conclusions, makes no attempt whatsoever to explain what these copies were made for and why they were necessary." *Id.* at p. 4. Plaintiff argues that this court should deny Defendant's request for "unexplained and unsupported photocopies." *Id.* at p. 5.

In reply, Defendant explains that its "modest copying costs were obtained for use in drafting and responding to motions, for preparation and use in depositions, and otherwise as necessary in defense of this case, and therefore, should be awarded." [DE 362, pp. 1-2]. Defendant

13

also provides in its reply an itemized list describing the purpose of all of the copies. *Id.* at pp. 2-3. It also claims that it copying cost rates are reasonable. *Id.* at p. 3. Finally, Defendant argues that, "if the Court determines that its breakdown of charges and support for same are somehow inadequate, the Court may still award Defendant a substantial percentage of the total requested costs." *Id.*

Pursuant to 28 U.S.C. § 1920(4), a prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Section 1920 permits costs to be taxed for certified copies of documents and copies of documents "necessarily obtained for use in the case." *Goodwall Const. Co. v. Beers Const. Co.*, 824 F. Supp. 1044, 1063 (N.D. Ga. 1992), *aff'd and remanded,* 991 F.2d 751 (Fed. Cir. 1993). The Eleventh Circuit has explained that "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W&O, Inc.*, 213 F.3d 623. "Although courts may not tax as costs copies made for the convenience of counsel, such as multiple copies, courts may tax the costs of copies made for the purpose of providing them to the court or to opposing counsel." *Bynes-Brooks v. N. Broward Hosp. Dist.*, No. 16-CV-60416, 2017 WL 3237053, at *3 (S.D. Fla. July 31, 2017) (quoting *Sensormatic Elecs. Corp. v. Tag Co. US*, No. 06-81105-CIV, 2009 WL 3208649, at *9 (S.D. Fla. Oct. 2, 2009)). "Rates between $0.10 and $0.25 per page are recoverable." *Procaps v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *6 (S.D. Fla. Feb. 2, 2016) (citing *Fla. Pawnbrokers & Secondhand Dealers Ass'n v. City of Fort Lauderdale*, 711 F. Supp. 1084, 1086 (S.D. Fla. 1989) ($0.25 per page)).

The Court finds that Defendant has demonstrated that the copies were necessarily obtained

14

for use in the case. In its reply, Defendant explains that the copies were used for "drafting and responding to motions, for preparation and use in depositions, and otherwise as necessary in defense of this case, and therefore, should be awarded." [DE 362, p. 2]. Defendant has also delineated what the copies were of. *Id.* at pp. 2-3. Therefore, the Court **RECOMMENDS** that copying costs in the amount of $1,586.25 be awarded to Defendant.

### III.   CONCLUSION

In light of the foregoing, this Court **RECOMMENDS** that the District Judge **GRANT IN PART AND DENY IN PART** Defendant's Bill of Costs and Memorandum of Law in Support of Its Bill of Costs [DE 359] and further **RECOMMENDS** that Defendant be awarded total costs in the amount of $7,385.02, as specified above. Plaintiff should be ordered to pay Defendant total costs in the amount of **$7,385.02,** and a judgment be entered against Plaintiff providing for post-judgment interest, for which let execution issue.

### IV.   NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Kenneth A. Marra. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of December, 2020.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge
