**SAUL EWING ARNSTEIN & LEHR LLP**

Dena B. Calo
Phone: (215) 972-7104
Fax: (215) 972-7725
Dena.Calo@saul.com
www.saul.com

May 5, 2021

**Email Delivery:** marra@flsd.uscourts.gov

The Honorable Kenneth A. Marra
Paul G. Rogers Federal Building and U.S. Courthouse
701 Clematis Street
Courtroom #4, Chambers 316
West Palm Beach, Florida 33401

      Re:    *Equal Employment Opportunity Commission v. The Doherty Group, Inc. d/b/a Doherty Enterprises, Inc.*
            Case No. 9:14-cv-81184-KAM
            Hearing on Defendant, The Doherty Group's Motion for Attorneys' Fees and Non-Taxable Costs and Incorporated Memorandum of Law in Support (D.E. 361)

Your Honor

      In accordance with your request that Defendant The Doherty Group provide this Court with authority to support the argument that the EEOC may not utilize information from a Charge of Discrimination for any purpose other than for investigating such Charge and/or filing a Commissioner's Charge until it follows all 706 procedures, please find referenced the following authority:

      1.    EEOC Compliance Manual, Volume 1, Section 8. "Intake of Commission Initiated Actions" D.E. 297, Exhibit A. Respondents may be identified and scheduled for investigation either in the absence of an individual charge or when the bases/issues to be investigated are not adequately covered by a pending individual charge. It is Commission policy…to follow up on all information received which may point to a violation of one of the statutes." "[U]nder Title VII …, EEOC must have a basis to investigate possible violations and must obtain a Commissioner charge and notify the respondent of such basis by specifying the date, place and circumstances to be covered by the investigation. D.E. 297, Ex. A, p. 1. A commissioner charge must be obtained from headquarters and notice of it must be given to the respondent. Id.

      2.    § 707(a), (c) & (e) of Title VII of the Civil Rights Act of 1964;

Centre Square West ◆ 1500 Market Street, 38th Floor ◆ Philadelphia, PA 19102-2186
Phone: (215) 972-7777 ◆ Fax: (215) 972-7725

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

38466327.2
35529696.2

May 5, 2021
Page 2

      3.    *Occidental Life Ins. Co. of California v. E.E.O.C.*, 432 U.S. 355 (1977);

      4.    *EEOC v. Shell Oil Co.,* 466 U.S. 54 (1984);

      5.    Defendant's Reply Memorandum in Further Support of its Motion to Dismiss Plaintiff's Complaint (D.E. 19), specifically Section A.1., pgs. 2-6, and the authority set forth therein, labeled "Title VII's Clear and Unambiguous Language and Supreme Court Case Law Clearly Demonstrate That a Charge Must Be Filed;" and

      6.    29 C.F.R. § 1601.18, Dismissal: Procedure and Authority; 29 C.F.R. § 1601.19, No Cause Determinations: Procedure and Authority; 29 C.F.R. § 1601.21, Reasonable Cause Determination: Procedure and Authority; 29 C.F.R. § 1601.22, Confidentiality; 29 C.F.R. § 1601.27, Civil Actions by the Commission; and 29 C.F.R. § 1601.28, Notice of Right to Sue: Procedure and Authority.

Please do not hesitate to contact me if you have any additional questions or concerns.

      Respectfully submitted,

      /s/ Dena B. Calo

      Dena B. Calo

cc:    Kristen Foslid, Esq. (via email)
       Kimberly A. Cruz, Esq. (via email)